619·15

NO. PD-0619-15

ORIGINAL

COURT OF APPEALS NO. 06-14-00165-CR

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 27 2015

Abel Acosta, Clerk

BARNEY SAMUEL BRADSHAW,
Appellant/Petitioner

v.

THE STATE OF TEXAS,
Appellee/Respondent

FILED IN
COURT OF CRIMINAL APPEALS

JUL 27 2015

Abel Acosta, Clerk

On appeal from the Sixth Court of Appeals
Texarkana, Texas

PETITION FOR DISCRETIONARY REVIEW

BARNEY SAMUEL BRADSHAW
PETITIONER
TDCJ No. 01942978
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

# TABLE OF CONTENTS

Page

Index of Authorities.........................................ii

Statement Regarding Oral Argument...........................1

Statement of the Case.......................................1

Statement of Procedural History.............................2

Questions Presented for Review..............................2

Argument....................................................2

      Question No. 1.........................................4

      Question No. 2.........................................8

Prayer.....................................................13

Certificate of Service.....................................13

Appendix

    Court of Appeals' Memorandum Opinion

# INDEX OF AUTHORITIES

CASES                                                                    Page

Elkins v. State, 647 S.W.2d 663 (Tex.Crim.App. 1983)...........10

Gigliobianco v. State, 210 S.W.3d 637 (Tex.Crim.App. 2006)9,10,11

Hitt v. State, 53 S.W.3d 697 (Tex.App.-Austin 2001)............8

King v. State, 953 S.W.2d 266 (Tex.Crim.App. 1997).............7

Manning v. State, 114 S.W.3d 922 (Tex.Crim.App. 2003)..........6

Mayes v. State, 816 S.W.2d 79 (Tex.Crim.App. 1991)............10

Montgomery v. State, 810 S.W.2d 372 (Tex.Crim.App. 1991)..9,10,11

Moses v. State, 105 S.W.3d 622 (Tex.Crim.App. 2003)............6

Sandoval v. State, 409 S.W.3d 259 (Tex.App.-Austin 2013)........6

STATUTES

Tex. Code Crim. Proc. art. 38.37.........................3,5,8,9

TEXAS RULES OF EVIDENCE

Tex. R. Evid. 402............................................3

Tex. R. Evid. 403..........................................3,8,9

Tex. R. Evid. 404............................................3

TEXAS RULES OF APPELLATE PROCEDURE

Tex. R. App. P. 44.2(b)......................................3

NO. PD-0619-15

COURT OF APPEALS NO. 06-14-00165-CR

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

---

BARNEY SAMUEL BRADSHAW,
Appellant/Petitioner

v.

THE STATE OF TEXAS,
Appellee/Respondent

---

On appeal from the Sixth Court of Appeals
Texarkana, Texas

---

PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

BARNEY SAMUEL BRADSHAW, Appellant/Petitioner, petitions the Court to review the decision affirming his judgment and sentence in case number 06-14-00165-CR.

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes that oral argument would assist the Court in discerning the applicable case law and the pertinent facts. Petitioner, therefore, requests oral argument.

## STATEMENT OF THE CASE

This case involves a prosecution for Continuous Sexual Assault of a Child. Barney Samuel Bradshaw, Petitioner, was indicted

1

by the Rusk County grand jury at the November - December Term, 2013.

A jury trial was conducted on July 21-24, 2014. The jury found Mr. Bradshaw guilty of the indicted offense. The jury assessed punishment at 60 years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Mr. Bradshaw filed a notice of appeal on September 9, 2014.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals for the Sixth District of Texas issued a memorandum opinion on May 5, 2015. The Court affirmed Mr. Bradshaw's judgment and sentence. **Bradshaw v. State**, No. 06-14-00165-CR (Tex.App.-Texarkana May 5, 2015).

## QUESTIONS PRESENTED FOR REVIEW

1. Did the trial court abuse its discretion by admitting extraneous offense evidence that Petitioner sexually assaulted a child because the evidence would not be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt?

2. Did the trial court abuse its discretion by admitting extraneous evidence that Petitioner sexually assaulted three children because any probative value of that evidence was substantially outweighed by the danger of unfair prejudice?

## ARGUMENT

This case presents two questions ripe for review. In overruling Petitioner Barney Samuel Bradshaw's first point, which concerns the admission of extraneous offense evidence, the Sixth Court of Appeals issued a decision that conflicts with the appli-

2

cable decisions of the Court of Criminal Appeals. In overruling Mr. Bradshaw's second point, which also concerns the admission of extraneous offense evidence, the Sixth Court of Appeals issued a decision that conflicts with the applicable decisions of the Court of Criminal Appeals.

## Factual Background

It was alleged that in the beginning of the summer of 2012 and continuing through the summer of 2013, Petitioner engaged in certain sexual acts with Susan Soul (pseudonym). Complainant was, at the time of those alleged acts, under 14 years of age. (RR5:150).

A pretrial hearing was held on the issue of whether certain extraneous acts should be admitted under Tex. Code Crim. Proc. art. 38.37. (RR5:4-132). The State offered testimony of three witnesses who accused Petitioner of sexually assaulting them when they were children. (RR5:6-27, 73-103, 103-120). Defense counsel objected to the admissibility of these extraneous offenses at trial under Tex. R. Evid. 402, 403 and 404. (RR5:5, 130-131). The State argued that, notwithstanding the prejudicial effect of the extraneous offenses, the evidence is admissible under Tex. Code Crim. Proc. art. 38.37. (RR5:4, 131-132).

Defense counsel also objected to the admission of one of the extraneous acts specifically because the evidence before the trial court was insufficient for a finding that the jury could find beyond a reasonable doubt that the offense had been committed. (RR5: 5, 130-131).

The trial court ruled that testimony regarding all extraneous acts covered in that hearing would be admitted at trial, and the

3

Court specifically found that "the evidence is adequate to support a finding by the jury that the defendant committed each seperate offense, as set forth in the subject of today's hearing, beyond a reasonable doubt." (RR5:132).

Counsel was granted a running objection to any reference to, or admission of, extraneous acts that were the subject matter of that hearing. (RR5:215, 230, 240, 260; RR6:21). Evidence was presented by the State and Petitioner, and the jury found Petitioner guilty. (RR6:191).

## QUESTION NO. 1

**Did the trial court abuse its discretion by admitting extraneous offense evidence that Petitioner sexually assaulted a child because the evidence would not be adequate to support a finding by the jury that the defendant committed the seperate offense beyond a reasonable doubt?**

In affirming the trial court's decision to permit the State to present certain extraneous offense evidence, the Sixth Court of Appeals issued a decision that conflicts with the applicable decisions of the Court of Criminal Appeals. When analyzing this issue, the Sixth Court of Appeals overlooked the case law most on point, and relied instead on inapposite decisions.

In this case, the trial court admitted testimony of several witnesses that they were sexually assaulted by Petitioner when they were children. Trial counsel for Petitioner argued that the prosecution failed to meet its burden of proving that the extraneous offense offered by one of the witnesses was accompanied by sufficient proof to support a finding by the jury that the defendant committed the seperate offense beyond a reasonable doubt.

4

(RR5:5, 130-131). In the pretrial hearing in which this evidence was offered, the State argued that the extraneous offense would be admissible under Tex. Code Crim. Proc. art. 38.37 to show the character of Petitioner, and that he has a propensity to commit the kind of offense charged in the indictment. (RR5:131-132).

Counsel for Petitioner objected to the admission of this evidence on the grounds that it did not satisfy Tex. Code Crim. Proc. art. 38.37 § 2(a), which requires that a court conduct a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the seperate offense beyond a reasonable doubt."

Petitioner's trial counsel specifically objected to the extraneous evidence offered by one of the victims, which was eventtually admitted at trial. Trial counsel pointed out that the alleged offense was not supported by sufficient proof to lead to an indictment after it was presented to a grand jury in an adjoining county, and therefore would not have the proof necessary for the trial court to determine that it would support a finding by the jury that Petitioner committed the offense beyond a reasonable doubt. (RR5:5, 130-131). After the hearing was held on the admissibility of the extraneous evidence, the trial court issued a ruling that the testimony of the three witnesses be admitted at trial. (RR5:132). The trial court stated that it specifically found that the evidence is adequate to support a finding by the jury that the defendant committed each seperate offense beyond a reasonable doubt. (RR5:132).

5

Petitioner argues the trial court abused its discretion in finding the extraneous evidence alleged by Brianna Parra is adequate to support a finding by the jury that the defendant committed that act beyond a reasonable doubt. Ms. Parra was allowed to testify about an alleged incident wherein she claimed Petitioner sexually assaulted her when she was a child. (RR6:21-43). That alleged incident had previously been presented to a Gregg County grand jury and was no-billed. (RR5:20-21, 35-36).

A complaint about the admission of extraneous offense evidence is reviewed under an abuse of discretion standard. See **Moses v. State**, 105 S.W.3d 622, 627 (Tex.Crim.App. 2003). The test for abuse of discretion is whether the trial court's action falls within the zone of reasonable disagreement. **Manning v. State**, 114 S.W. 3d 922, 926 (Tex.Crim.App. 2003). Because a grand jury had previously found that there was no probable cause that the allegation occurred, it can be said with some confidence that this trial court's finding - that the evidence before it was adequate to support a finding by the jury that the defendant committed that act beyond a reasonable doubt - falls beyond the zone of reasonable disagreement.

If the trial court abused its discretion by admitting evidence of the extraneous offense alleged by Ms. Parra, the reviewing court must determine whether the error is reversible. Tex. R. App. P. 44.2(b). The error here is not constitutional, so we must determine if it affects substantial rights. **Sandoval v. State**, 409 S.W. 3d 259, 304 (Tex.App.-Austin 2013, no pet.). A substantial right is violated when the error made the subject of complaint had a

6

substantial and injurious effect or influence in determining the jury's verdict. **King v. State**, 953 S.W.3d 266, 271 (Tex.Crim.App. 1997).

The extraneous offense alleged by Ms. Parra substantially affected the jury's verdict because of the similarity between the extraneous offense and the indicted offense. Ms. Parra's trial testimony was that Petitioner digitally penetrated her in a bathroom during a party at Petitioner's house when she was 13 years old. (RR6:28-32). This testimony is strikingly similar to the underlying facts of the indicted offense, wherein the complainant testified that Petitioner sexually assaulted her in a bathroom during a party at Petitioner's house when she was 12 or 13 years old. (RR5:149-152). Additionally, this type of extraneous evidence is especially devastating when presented to the jury in a case of continuous sexual assault of a child, and Petitioner will elaborate on that point in the following argument of Petitioner's petition.

In sum, the Sixth Court of Appeals' decision is in conflict with the applicable decisions of the Court of Criminal Appeals. The admission of the extraneous offense evidence affected Petitioner's substantial rights. The trial court abused its discretion in admitting the extraneous offense evidence. Consequently, Mr. Bradshaw respectfully asks the Court of Criminal Appeals to grant review in this matter.

Did the trial court abuse its discretion by admitting extraneous evidence that Petitioner sexually assaulted three children because any probative value of that evidence was substantially outweighed by the danger of unfair prejudice?

In overruling the extraneous evidence issue raised by Mr. Bradshaw, the Sixth Court of Appeals issued a decision that conflicts with the applicable decisions of the Court of Criminal Appeals. Once again, when analyzing the extraneous evidence issue, the Sixth Court of Appeals overlooked the case law most on point, and relied instead on inapposite decisions.

During the trial in this cause, the court admitted testimony of various witnesses consisting of allegations of extraneous offenses committed by Petitioner against three children. The trial court admitted the evidence after a pre-trial hearing was held outside the presence of the jury. (RR5:6-132). The trial court ruled in favor of the State's proposition that the evidence should be admitted under Tex. Code Crim. Proc. art. 38.37 § 2. That section provides that evidence that the defendant has committed certain seperate offenses may be admitted in a trial such as this for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant. **Id.**

Evidence that is admissible under Article 38.37 may be excluded under Tex. R. Evid. 403 if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. Tex. R. Evid. 403; **Hitt v. State**, 53 S.W.3d 697, 706 (Tex.App.-Austin 2001, pet. ref'd). When a rule 403 objection

8

is made, the trial court must engage in a balancing process. **Mont-gomery v. State**, 810 S.W.2d 372, 381 (Tex.Crim.App. 1991). In conducting this balancing test, courts should consider the following: (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate its probative force, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. **Gigliobianco v. State**, 210 S.W. 3d 637, 641 (Tex.Crim.App. 2006).

Petitioner asserts that, based on the analysis set forth above, the trial court abused its discretion in permitting testimony that Petitioner committed seperate, extraneous sexual assaults against the three witnesses. Petitioner made various written and verbal objections to the admission of the extraneous evidence, all of which were overruled by the court. (RR5:215, 230, 240, 260; RR6:21). Petitioner not only argued that the evidence could not fall under Tex. Code. Crim. Proc. art. 38.37 § 2 as it was offered by the State, but that it would be so prejudicial that it would poison the minds of the jury and lead to a conviction based on that evidence alone. (RR5:130).

The first factor for consideration under Rule 403 is the inherent probative force of the evidence. If true, any evidence that Petitioner had sexually assaulted other children is certainly

9

relevant to his character in a general sense and his propensity to commit crimes such as the one for which he was tried in this case.

Also, the trial court must consider the likelihood that the evidence in question will cause the jury to base their verdict not on evidence relating to the elements of the charged offenses, but instead on an improper basis, such as an emotional response to, or bias against, the defendant. **Gigliobianco**, 210 S.W.3d 641-642. Unfair evidence is that which has an undue tendency to suggest that a decision be made on an improper basis, commonly an emotional one. **Montgomery**, 810 S.W.2d at 389. Evidence that a defendant has a propensity to commit sexual assaults on children is very likely to cause a conviction in a trial for that very offense; however, it is not material to whether he is guilty of the specified conduct which is charged. See **Elkins v. State**, 647 S.W. 2d 663, 665 (Tex.Crim.App. 1983); see also **Mayes v. State**, 816 S.W.2d 79, 86 (Tex.Crim.App. 1991) (noting that evidence of a defendant's bad character traits possesses such a devastating impact on a jury's rational disposition towards other evidence, and is such poor evidence of guilt, that an independant mandatory rule was created for its exclusion).

During its case in chief, three witnesses for the prosecution each seperately testified as follows regarding offenses committed against them by Petitioner when they were children:

> "He just -- he told me to turn around and bend over, but I didn't. I just stood there. I was standing there crying the whole time...[h]e told me to touch myself. He said if I didn't, then he would."

10

(RR5:223).

> "I think he was trying to penetrate me, not with his other private parts. I told him to stop. I don't remember how it stopped, but I just left."

(RR5:248).

> "After I used the restroom, Sam walks in. And after he walks in, he bends me over the sink and starts fingering me."

(RR6:29).

There is no mistaking the highly prejudicial force of such testimony, and Petitioner asserts that it was an abuse of the trial court's discretion to allow the testimony in light of the unfair prejudice and likelihood of confusion it created.

Next, the court in **Gigliobianco**, 210 S.W.3d at 641-642, considers any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate its probative force. Both sexually related misconduct and misconduct involving children are inherently inflamatory. **Montgomery**, 810 S.W.2d at 397. Here, the trial court attempted to ameliorate the inherently inflamatory extraneous evidence by including in the Charge of the Court an instruction that Petitioner is on trial solely on the charges in the indictment, and that extraneous evidence may be considered for the limited purpose of showing the Defendant's intent or state of mind. (CR1:151).

Despite the limiting language in the Charge of the Court, the State spent significant time and testimony presenting evidence of the extraneous evidence. During the State's case in chief, thirty-two pages of the record are spent on direct examination of the complainant. (RR5). Direct examination of the alleged victims

11

of the extraneous offenses cover fifty-eight pages of the record. (RR5; RR6). The fact that the State spent a greater amount of time with the extraneous evidence demonstrates the likelihood that the jury gave it undue weight. The fact that the State spent so much time developing the evidence also illustrates the tendency of the evidence to confuse or distract the jury from the charged offense.

In conclusion, Petitioner asserts error on the part of the trial court in its application of Tex. R. Evid. 403 for the following reasons: (1) the extraneous evidence was only probative as to the character of Petitioner, but not as to the elements of the charged offense; (2) the State could not articulate a valid reason why it needed to present evidence of the extraneous offenses other than to prove Petitioner's character was in conformity with the charged offense; (3) there was a significant likelihood that the evidence would cause the jury to determine the verdict based on Petitioner's character; (4) there was a significant likelihood that the extraneous offenses would confuse or distract the jury from the elements of the charged offense; (5) there was a great probability that the jury would give undue weight to evidence of the extraneous offense that a charge from the court could not cure; and (6) the State consumed an inordinate amount of time developing evidence of the extrabeous offenses.

In short, the Sixth Court of Appeals' decision is in conflict with the applicable decisions of the Court of Criminal Appeals. As a result, Mr. Bradshaw suggests that some guidance from the Court of Criminal Appeals is needed.

12

## PRAYER

For the reasons herein alleged, Petitioner Barney Samuel Bradshaw prays that this Court grant this petition and, upon reviewing the judgment entered below, reverse this cause and remand this case for a new trial.

Respectfully submitted,

*Barney Samuel Bradshaw*
BARNEY SAMUEL BRADSHAW
PETITIONER
TDCJ No. 01942978
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing petition has been served by placing same in the United States Mail, postage prepaid, on the 22nd day of July, 2015, addressed to:

State Prosecuting Attorney
Post Office Box 13046
Austin, Texas 78711-3046

Rusk County District Attorney
115 N. Main Street
Henderson, Texas 75652

*Barney Samuel Bradshaw*
BARNEY SAMUEL BRADSHAW
PETITIONER

13



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00165-CR

BARNEY SAMUEL BRADSHAW, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR13-289

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Chief Justice Morriss

# OPINION

In prosecuting Barney Samuel Bradshaw for the continuous sexual abuse of S.S.,[1] a girl less than fourteen years of age at the time of the offense, the State was allowed to use evidence of three extraneous acts of sexual misconduct by Bradshaw, one against each of two other girls who lived in the same house as Bradshaw and one against a girl who visited the house. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2014). B.P., the visiting girl, testified to Bradshaw's digitally penetrating her vagina after furnishing alcoholic beverages to her, then aged thirteen. A.G. testified that, at age fifteen, she was forced by Bradshaw to disrobe for him. K.M. testified that, when she was sixteen or seventeen years old, Bradshaw touched her breasts and private parts under her clothing.

Bradshaw's appeal of his conviction and sixty-year sentence complains of the admission of these extraneous offenses. We affirm the trial court's judgment, because, assessed by our abuse-of-discretion standard of review, (1) under Article 38.37, sufficient evidence supported admission of the evidence of B.P.'s sexual assault and (2) under Evidence Rule 403, the prejudicial effect of the evidence from A.G. and K.M. did not outweigh its probative value.

*(1)     Under Article 38.37, Sufficient Evidence Supported Admission of the Evidence of B.P.'s Sexual Assault*

Bradshaw claims error in the admission into evidence of testimony concerning the sexual assault against B.P., because that evidence was not adequate to support a jury finding that, beyond a reasonable doubt, he committed the separate offense. He centers his argument on the fact that a

---

[1] We identify all alleged minor victims by their initials to protect their identities. *See, e.g.,* TEX. R. APP. P. 9.10.

grand jury no-billed him on that charge. But, because there was more evidence available to this trial court than to the grand jury, we disagree.

Article 38.37 permits the introduction of "[e]vidence of extraneous offenses or acts" in certain types of sexual abuse cases, including this one. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37. The relevant portions of this Article provide,

> Sec. 2. (a)  Subsection (b) applies only to the trial of a defendant for:
>
> (1)  an offense under any of the following provisions of the Penal Code:
>
> . . . .
>
> (B)  Section 21.02 (Continuous Sexual Abuse of Young Child or Children);
>
> . . . .
>
> (b)  Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2–a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.
>
> Sec. 2–a.  Before evidence described by Section 2 may be introduced, the trial judge must:
>
> (1)  determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and
>
> (2)  conduct a hearing out of the presence of the jury for that purpose.

TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 2, 2–a.

Evidence of the initial extraneous offense was presented to the trial court at a hearing conducted outside the presence of the jury, as required by Section 2–a(2). At the conclusion of

3

the hearing, the trial court determined that the evidence relating to the sexual assault of B.P. was adequate to support a finding by the jury that, beyond a reasonable doubt, Bradshaw committed the offense. Bradshaw claims the trial court erred in this determination.

"[A] trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard." *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (citing *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005)). "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of reasonable disagreement.'" *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed." *Id.* (citing *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 379). In determining whether the trial court abused its discretion, "[w]e may not substitute our own decision for that of the trial court." *Marsh*, 343 S.W.3d at 478 (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).

At a hearing conducted outside the jury's presence, B.P. testified that, in October 2010, when she was thirteen, she attended a sleepover birthday party at the home of Bradshaw's step-daughter, A.G. Bradshaw, who was living in the home with A.G.'s mother, provided alcohol to the young teenagers at the party. Bradshaw was also drinking and "acting weird." At one point in the evening, B.P. was left alone outside with Bradshaw, where the girls had been enjoying a bonfire. While the two were alone, Bradshaw asked B.P. if "he could perv on [her]." Although B.P. did not understand what Bradshaw meant, she told him that he could not. Bradshaw then

4

kissed B.P. on the lips, even though she protested. B.P. was scared and went into the house to use the restroom. As she was at the sink washing her hands, Bradshaw entered the bathroom, bent B.P. over the sink and inserted his fingers into her vagina, moving them in and out. Bradshaw told B.P., while she was crying and protesting, that he was "going to f– the s– out of [her]." Bradshaw eventually stopped and walked out of the bathroom.

B.P. explained that she did not immediately tell anyone of this encounter because she was scared. Instead, B.P. and her friends decided to go to Walmart to purchase toilet paper for the purpose of "TP'ing" trees "at people's houses." After the group returned to A.G.'s house, B.P. called a friend to drive her home.[2] Before she left, Bradshaw told B.P. that "he was going to f– the s– out of [her] over and over again." Soon thereafter, B.P.'s friend arrived and took her home,[3] whereon B.P. took a shower.

After B.P. told her mother about the assault that same morning, B.P.'s mother took her to the police station, where the incident was reported to Officer Dee Ann Brown of the Kilgore Police Department. B.P. was examined by a sexual-assault nurse examiner (S.A.N.E.) at Good Shepherd Hospital that day.[4] After the examination, Brown followed B.P. and her mother home from the hospital to collect the panties B.P. was wearing at the time of the incident[5] and logged them into

---

[2]B.P. described her eighteen-year-old friend as someone who was like a brother to her. This friend died in an automobile accident in 2013.

[3]Before returning home, B.P. and her friend sat in the Walmart parking lot for about an hour. B.P. was afraid to return home to tell her mother what had happened.

[4]The examination failed to reveal any trauma.

[5]A photograph of B.P.'s blood-stained underwear from the night of the abuse was introduced as an exhibit. B.P. explained that the blood was a result of the abuse and that she was not having her period that day.

evidence. B.P. was subsequently interviewed by an employee of the Child Advocacy Center (CAC) in Longview.[6]

Officer Kealsey Keahey, a detective with the Criminal Investigation Division of the Kilgore Police Department, was assigned to investigate the aggravated sexual assault claim. Keahey was able to observe, by television screen in a private room, B.P.'s CAC interview as it occurred. During the interview, B.P. stated that, while at a friend's house, Bradshaw sexually assaulted her in the bathroom of his home.

Keahey subsequently interviewed Bradshaw, who claimed that B.P. fabricated the event as an excuse to leave the house with the friend who came to pick her up. Bradshaw conceded that, at one point during the evening, he was alone in the bathroom with B.P. According to Bradshaw, he and B.P. were in the bathroom brushing their teeth, when B.P. shut the door. As Bradshaw was leaving, he stated that B.P. backed up into him, but that he moved her away and left. Bradshaw claimed he told B.P. to wait until she was eighteen.[7]

At the conclusion of his investigation, Keahey obtained an arrest warrant for Bradshaw and submitted the evidence to the Gregg County District Attorney's Office. B.P. was never called to testify before the grand jury, and the case against Bradshaw was ultimately no-billed.

Bradshaw contends that, because the case against him was no-billed by the grand jury, the trial court abused its discretion in finding that the evidence before it was adequate to support a

---

[6]After the incident, B.P. began regular counseling at the CAC, which lasted for approximately one year. B.P.'s CAC counselor testified that B.P.'s behavior was consistent with someone who had been sexually abused.

[7]Keahey also interviewed the friend who took B.P. home from Bradshaw's house. The friend explained that he thought of B.P. as a sister and that there was never a romantic element to their relationship.

6

finding by the jury that, beyond a reasonable doubt, he committed the offense. Bradshaw does not cite any authority in support of this contention. In the interests of justice, however, we will nevertheless address his complaint.[8]

The fact that the grand jury did not indict Bradshaw for the alleged aggravated sexual assault of B.P. is of no consequence to the trial court's determination of whether evidence of this conduct was properly admitted under Article 38.37 of the Texas Code of Criminal Procedure. A no-bill does not mean that Bradshaw did not commit the separate offense; rather, it "is merely a finding that the specific evidence brought before the particular Grand Jury did not convince them to formally charge a person with an offense." *Rachal v. State*, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996). Consequently, no-billed conduct can be admissible as an extraneous offense. *See id.* (regarding admissibility at punishment phase).

Here, the State called four witness to testify at the Article 38.37 hearing regarding Bradshaw's alleged sexual assault of B.P. in October 2010. Two of these witnesses were B.P. and her mother, neither of whom testified before the Grand Jury. These witnesses, together with Keahey—who likewise did not testify before the Grand Jury—offered detailed testimony regarding B.P.'s encounter with Bradshaw and the ensuing investigation of that encounter. The trial court also viewed a video-recorded statement from Bradshaw regarding the encounter and was able to judge Bradshaw's credibility, along with the credibility of the other extraneous-offense witnesses. After hearing this evidence, as previously outlined, the trial court determined that the

---

[8]Although evidence of three separate extraneous offenses was introduced at the Article 38.37 hearing, Bradshaw only complains that the evidence involving the alleged assault on B.P. was not sufficient, if believed by the jury, to support a finding that Bradshaw committed that offense beyond a reasonable doubt.

7

evidence likely to be admitted at trial, if believed, would be adequate to support a finding by the jury that Bradshaw committed the extraneous offense of aggravated sexual assault of a child.

Under Section 22.021 of the Texas Penal Code, a person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly causes the penetration of the sexual organ of a victim younger than fourteen years of age. TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B) (West Supp. 2014). In light of the Article 38.37 hearing, we cannot say that the trial court abused its discretion in finding that the evidence likely to be admitted at trial would be adequate to support a finding by the jury that Bradshaw committed the offense of aggravated sexual assault of B.P. in October 2010. We therefore overrule this point of error.

*(2)* *Under Evidence Rule 403, the Prejudicial Effect of the Evidence from A.G. and K.M. Did Not Outweigh Its Probative Value*

Bradshaw also contends that evidence of each of the three Article 38.37 extraneous offenses should have been excluded because the probative value of each was substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. Texas courts have yet to address the issue of whether the Rule 403 balancing test must be applied when considering the admission of evidence of extraneous offenses allegedly committed against a child other than the victim of the charged offense, under Sections 2 and 2-a of Article 38.37.[9] While the statute

---

[9] Section 1(b) of the Article allows for the admission of evidence "[n]otwithstanding Rules 404 and 405, Texas Rules of Evidence, of other crimes, wrongs, or acts committed by the defendant *against the child who is the victim of the alleged offense*," although for reasons different than those articulated in Section 2. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b) (West Supp. 2014) (emphasis added). Extraneous-offense evidence offered under Section 1(b) is subject to Rule 403 scrutiny. *See Hitt v. State*, 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd); *Walker v. State*, 4 S.W.3d 98, 103 (Tex. App.—Waco 1999, pet. ref'd); *Poole v. State*, 974 S.W.2d 892, 897 (Tex. App.—Austin 1998, pet. ref'd); *Ernst v. State*, 971 S.W.2d 698, 700–01 (Tex. App.—Austin 1998, no pet.).

specifically provides that Rules 404 and 405 of the Texas Rules of Evidence[10] do not render inadmissible evidence of certain separate offenses described therein, it makes no such exception for Rule 403.

"When the Legislature amends a statute, we presume the Legislature meant to change the law, and we give effect to the intended change." *Brown v. State*, 915 S.W.2d 533, 536 (Tex. App.—Dallas 1995), *aff'd*, 943 S.W.2d 35 (Tex. Crim. App. 1997). Likewise, we must presume the Legislature employed each word for a particular purpose and similarly omitted each word for a particular purpose. *Id.*; *see State v. N.R.J.*, 453 S.W.3d 76, 77 (Tex. App.—Fort Worth 2014, pet. filed) ("We presume that the legislature chooses a statute's language with care, deciding to include or omit words for a purpose."); *Mireles v. State*, 444 S.W.3d 679, 684 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (same).

We therefore conclude that, because the Legislature failed to include Rule 403 of the Texas Rules of Evidence in the list of the evidentiary rules (404 and 405) that would not render evidence of certain separate offenses inadmissible, this omission was intentional. Indeed, nothing in Article 38.37 removes evidence, otherwise admissible under Sections 2 and 2–a, from Rule 403 scrutiny.

The legislative history of these amendments indicates that Sections 2 and 2–a were added to Article 38.37 in 2013 to authorize "evidence of other sexual-related offenses allegedly committed by the defendant against a child to be admitted in the trial of certain sexual-related

---

[10]Rule 404 generally prohibits the use of character evidence to prove a person acted in accordance with a character trait. TEX. R. EVID. 404. Rule 405 provides for specific methods of proving character, when evidence of a person's character is admissible. TEX. R. EVID. 405.

9

offenses for any bearing the evidence has on relevant matters." House Comm. on Criminal Procedure Reform, Select, Bill Analysis, Tex. S.B. 12, 83d Leg., R.S. (2013). In doing so, the Legislature recognized that the revision of Article 38.37 "will bring the Texas Rules of Evidence closer to the Federal Rules of Evidence, specifically Federal Rule 413(a), which allows evidence of previous sexual assault cases to be admitted at trial." Senate Comm. on Criminal Justice. Bill Analysis, Tex. S.B. 12, 83d Leg., R.S. (2013). Federal courts have likewise determined that the Rule 403 balancing test must be applied when considering the admission of evidence under Rule 413(a).[11] *See Martinez v. Cui*, 608 F.3d 54, 60 (1st Cir. 2010); *United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008); *United States v. Guidry*, 456 F.3d 493, 503 (5th Cir. 2006); *Seeley v. Chase*, 443 F.3d 1290, 1294–95 (10th Cir. 2006); *see also United States v. Guardia*, 135 F.3d 1326, 1330 (10th Cir. 1998) (collecting cases applying Rule 403 to Rules 413 and 414).

Article 38.37 instructs that evidence of prior sexual assaults may be admitted "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b). This broad allowance for admission is limited by Rule 403's balancing test, which permits admission of evidence as long as its probative value is not substantially outweighed by its potential for unfair prejudice. *See* TEX. R. EVID. 403. In reviewing the trial court's admission of this evidence for an abuse of discretion, we recognize that the amendments to Article 38.37 reflect the stated intent to remove the propensity bar to the admissibility of certain evidence.

---

[11]Rule 413(a) of the Federal Rules of Evidence states, "In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." FED. R. EVID. 413(a).

10

Here, the State sought to admit testimony regarding three uncharged sexual assaults allegedly committed by Bradshaw against three different victims and gave timely notice pursuant to Section 3 of the statute. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3. On appeal, Bradshaw contends that "the trial court abused its discretion by admitting extraneous evidence that appellant sexually assaulted three children because any probative value of that evidence was substantially outweighed by the danger of unfair prejudice."

As to the alleged sexual assault of B.P., Bradshaw's only objection to extraneous-offense testimony at the Article 38.37 hearing was as follows:

> In connection with B.P.'s case, Your Honor, we certainly think the fact that it was no billed is compelling, because somebody looked at it independent of us and made the determination that there was insufficient evidence after a pretty thorough investigation, it sounds to me like, to bring it to a grand -- to bring it to trial, to a jury, to return an indictment. So we would object to that on that basis.

When B.P. was called to testify at trial, Bradshaw objected, stating, "And we renew our objection to that, Your Honor." That objection was overruled. Bradshaw never objected to this extraneous-offense evidence as unfairly prejudicial under Rule 403. "The point of error on appeal must correspond or comport with the objection made at trial." *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998)). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Id.*; *see* TEX. R. APP. P. 33.1; *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). An objection that B.P.'s case was no-billed by a grand jury does not preserve the issue of whether extraneous-offense evidence regarding the alleged sexual assault of B.P. was unfairly prejudicial to Bradshaw under Rule 403. Because Bradshaw

11

failed to raise a Rule 403 objection to this extraneous-offense evidence at trial, we find that Bradshaw has failed to preserve this issue for appellate review as to the B.P. evidence.

The two remaining extraneous offenses related to A.G., Bradshaw's stepdaughter, and K.M., A.G.'s sister. Because Bradshaw objected to evidence regarding each of these offenses as "highly prejudicial" and "wholly for purposes of poisoning the minds of the jury with extraneous allegations," Bradshaw preserved his objection under the prejudice prong of Rule 403 regarding this evidence.[12]

When A.G. was fifteen years old, Bradshaw allegedly forced her to disrobe for him in exchange for a ride to volleyball practice. Bradshaw told A.G. that, if she did not undress for him, something bad would happen to A.G.'s mother—Bradshaw's wife. A.G. complied and testified that Bradshaw never actually touched her. Bradshaw then told A.G. "to turn around and bend over," and to spread her legs, but she refused.

The final extraneous-offense witness was K.M., A.G.'s sister. Although K.M. lived in the Bradshaw home with A.G. and the rest of the family, A.G. was K.M.'s only relative in the home. K.M. testified that, when she was sixteen or seventeen, Bradshaw called her into his bedroom early one morning. When K.M. positioned herself on the bed, Bradshaw reached under her clothes and touched her breasts and her "private parts." After having done this, Bradshaw told K.M. that he did not have "the best intentions." At that point, K.M. left the room. A few weeks later, when K.M. told A.G. what happened with Bradshaw, A.G. confessed that both she and S.S., the victim

---

[12]Bradshaw also briefly complains that this evidence was confusing to the jury. No objection was made on this basis at trial. Consequently, any complaint regarding jury confusion was not preserved for appeal. *See* TEX. R. APP. P. 33.1.

in this case, had "sexual problems" with Bradshaw as well. When the girls later visited their Aunt Miranda in Fort Worth during the summer of 2013, they told her of their encounters with Bradshaw, stating that they wanted "this to stop." Miranda immediately called the police to report the collective outcry.

The charged offense involves a claim that Bradshaw continuously sexually assaulted S.S. during the summertime between her seventh and eighth grade years of school when she was thirteen years old, and for some portion of the following school year. The assaults against S.S. took place in the home where Bradshaw lived with his wife, who is S.S. and A.G.'s mother. Both A.G. and K.M. described encounters with Bradshaw in this home as well. This testimony is probative as it provides valuable context in which S.S.'s claims could be evaluated by the jury. It further illuminates the circumstances in which S.S.'s outcry was made to her Aunt Miranda. The collective outcry by A.G., K.M., and S.S. happened only when they disclosed to each other the "sexual problems" Bradshaw caused each of them. The outcry happened in the midst of great angst and emotion. The girls were described as "crying hysterically," at which time A.G. told Miranda that "[Bradshaw has] been messing with us, and we can't take anymore, and [S.S.] has been getting the brunt of it."

Bradshaw claims, though, that this evidence is unfairly prejudicial for the very reason the statute—and the documented legislative history—allows for its admissibility. He contends that, because this evidence indicates a propensity to commit sexual assaults on children, it should be excluded. The statute recognizes that evidence of this type is, by definition, propensity, or character evidence. It is admissible notwithstanding those characteristics. *See* TEX. CODE CRIM.

13

PROC. ANN. art. 38.37, § 2. This evidence was clearly prejudicial to Bradshaw's case. However, "the plain language of Rule 403 does not allow a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013). Further, Rule 403 "should be used sparingly to exclude relevant, otherwise admissible evidence that might bear on the credibility of either the defendant or complainant in such 'he said, she said' cases [involving sexual assault]." *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009). Here, the Legislature specifically acknowledged the fact that,

> because of the nature of child sex offenses, there is typically very little evidence to assist prosecutors with proving their cases. Victims, especially children, are many times so scarred by the physical and emotional trauma of the event that there are often long delays in the reporting of the crime, and these delays can lead to the destruction or deterioration of what little physical evidence exists. As a result, the primary piece of evidence in most child sexual abuse cases is a traumatized child.

Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg. R.S. (2013). In the absence of the extraneous-offense evidence, this becomes a "he said, she said" case. Under the appropriate standard of review, we are unable to conclude that the trial court abused its discretion in admitting testimony of the extraneous offenses. *See Pawlak*, 420 S.W.3d at 810 (ruling on Rule 403 objection reviewed for abuse of discretion).

14