

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00038-CV

_____

IN THE MATTER OF THE MARRIAGE OF
AMANDA BRADSHAW AND BARNEY BRADSHAW

On Appeal from the County Court at Law
Rusk County, Texas
Trial Court No. 2013-09-482-CCL

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

Barney Bradshaw has filed a pro se motion with this Court requesting that each of the three Justices of this Court recuse themselves from the appeal presently pending before this Court styled *In the Matter of the Marriage of Amanda Bradshaw and Barney Bradshaw*, cause number 06-15-00038-CV. Bradshaw's request for recusal is based on the fact that the Justices of this Court recently decided Bradshaw's appeal in a criminal matter originating out of the Fourth Judicial District Court of Rusk County. *See Bradshaw v. State*, No. 06-14-00165-CR, 2015 WL 2091376 (Tex. App.—Texarkana May 5, 2015, pet. filed).

Rule 16.3 of the Texas Rules of Appellate Procedure governs the procedure for deciding a motion to recuse a justice before whom a case is pending in this Court. *See* TEX. R. APP. P. 16.3. This Rule states,

> Before any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc. The challenged justice or judge must not sit with the remainder of the court to consider the motion as to him or her.

TEX. R. APP. P. 16.3(b). Because Bradshaw has moved for the recusal of each of the three Justices on this Court, the procedure outlined in Rule 16.3(b) is untenable.

Rule 17.1 of the Texas Rules of Appellate Procedure provides,

> A court of appeals is unable to take immediate action if it cannot—within the time when action must be taken—assemble a panel because members of the court are ill, absent, or unavailable. A justice who is disqualified or recused is unavailable. A court of appeals' inability to act immediately may be established by certificate of the clerk, a member of the court, or by affidavit of the party.

2

TEX. R. APP. P. 17.1.  This Court has determined that it is unable to act on Bradshaw's recusal motion at this time, or at any time in the future, for the reasons previously stated.  Rule 17.2 of the Texas Rules of Appellate Procedure sets forth a procedure for handing such situations.  Rule 17.2 states,

> If a court of appeals is unable to take immediate action, the nearest court of appeals that is able to take immediate action may do so with the same effect as the other court.  The nearest court of appeals is the one whose courthouse is nearest—measured by a straight line—the courthouse of the trial court.

Measured by a straight line, the Twelfth Court of Appeals in Tyler is the nearest court of appeals to the courthouse of the Fourth Judicial District Court of Rusk County.  Accordingly, Bradshaw's recusal motion is hereby certified for decision to the Twelfth Court of Appeals in Tyler in accord with Rules 16.3, 17.1, and 17.2 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 16.3, 17.1, 17.2.  After the Twelfth Court of Appeals has decided Bradshaw's recusal motion, this case shall proceed in accord with Rule 17.3 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 17.3.

IT IS SO ORDERED.

BY THE COURT

Date:   August 19, 2015

3