**Affirmed and Opinion Filed February 3, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

Nos. 05-15-01060-CR

05-15-01061-CR

05-15-01062-CR

**DANNY RICHARD MINOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 416-82236-2014, 416-82237-2014, 416-82238-2014**

## MEMORANDUM OPINION
Before Justices Bridges, Evans, and Schenck
Opinion by Justice Bridges

In three separate indictments, the State charged appellant Danny Richard Minor with continuous sexual abuse of three different children—his daughter (R.M.), his son (P.M.), and his daughter's best friend (R.G.). The State filed a notice of intent to consolidate. Appellant filed a motion to sever, which the trial court denied. The cases were tried together. A jury found appellant guilty on each indictment and sentenced him to life in prison, with the sentences running concurrently. Appellant argues the trial court abused its discretion by overruling his motions to sever, and consolidation of the cases caused him unfair prejudice. We affirm the trial court's judgments.

The background of sexual abuse is known to the parties and because appellant has not challenged the sufficiency of the evidence, we will not provide details of the abuse except those necessary for disposition of this appeal. TEX. R. APP. P. 47.1.

In a single issue, appellant argues the trial court abused its discretion by denying his motion to sever and trying the three cases together. He specifically complains about the trial court's admission of DNA evidence that determined to a 99.99 percent probability he fathered R.M's child. He contends he was unfairly prejudiced because by allowing the jury to hear "such a bizarre event," he "never had a chance"; therefore, the DNA evidence should have been limited to R.M.'s case only. The State responds appellant failed to establish unfair prejudice because the evidence would have been admissible at all three trials under article 38.37, the evidence would have survived a rule 403 balancing test, and appellant cannot show substantial harm by admission of the evidence.

"A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode." TEX. PENAL CODE ANN. § 3.02(a). A "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person when the offenses are the repeated commission of the same or similar offenses. *Id*. § 3.01.[1] Whenever two or more offenses have been consolidated or joined for trial, the defendant shall have a right to severance of the offenses. *Id*. § 3.04(a). However, the right to severance does not apply to a prosecution for, among other offenses, continuous sexual abuse of children "unless the court determines that the defendant or the state would be unfairly prejudiced by a joinder of offenses, in which event the judge may order the offenses to be tried separately or may order other relief as justice requires." *Id*. § 3.04(c); *see id*. § 3.03(b) (listing offenses for which automatic right to severance is not applicable).

---

[1] It is uncontested the charges against appellant were part of a "criminal episode."

For sexual offenses against children, there is no presumption that joinder of cases with different child victims is unfairly prejudicial. *Hodge v. State*, 500 S.W.3d 612, 621 (Tex. App.—Austin 2016, no pet.). Rather, the legislature has balanced competing interests and determined a defendant is entitled to severance only if he can show some type of prejudice beyond that which a defendant would automatically face in any case in which felony counts are joined. *Casey v. State*, 349 S.W.3d 825, 832 (Tex. App.—El Paso 2011, pet. ref'd) (discussing legislative history of section 3.04, which intended to "restrict defendants' rights to multiple trials for serious sex offenses committed against children so that child victims cannot be forced to undergo multiple trials"). The defendant bears the burden of showing how he would be unfairly prejudiced through consolidation. *Hodge*, 500 S.W.3d at 621.

Appellate courts review a trial court's decision to grant or deny a request to sever for an abuse of discretion. *Id*; *see also Salazar v. State*, 127 S.W.3d 355, 365 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). A trial court abuses its discretion if its ruling is clearly wrong, lies outside the zone of reasonable disagreement, or is arbitrary or unreasonable. *Hodge*, 500 S.W.3d at 612.

Other than stating he "never had a chance" because of the "bizarre event," appellant provides no further support or analysis as to how he was unfairly prejudiced by the admission of DNA evidence.[2] Further, appellant fails to address the implication of Texas Code of Criminal Procedure article 38.37, which would have allowed for the admission of the evidence in all three trials.

Under article 38.37, section 1, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged sexual abuse shall be admitted for

---

[2] Appellant does not argue R.M's testimony would be inadmissible at the other trials, but focuses his argument on the unfairly prejudicial nature of the DNA evidence.

its bearing on relevant matters, which include (1) the state of mind of the defendant and the victim and (2) the previous and subsequent relationship between the defendant and the child. TEX. CODE CIV. PROC. ANN. art. 38.37, § 1 (West Supp. 2016). The DNA evidence, therefore, would have been admissible at R.M.'s trial because it bore on relevant matters, such as appellant's subsequent relationship with R.M.—specifically, it would explain why appellant finally stopped sexually abusing her. She testified the physical and sexual abuse continued while she was pregnant, and finally stopped after she gave birth.

In addition, section 2 of article 38.37 broadens the types of evidence that may be admitted in some sexual abuse trials to include evidence of other offenses committed by a defendant against children who are not the alleged victim in the trial. *Hodge*, 500 S.W.3d at 623. Specifically, it allows admission of evidence that a defendant has committed a separate sexual-based offense "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." *Id*. art. 38.37, § 2(b). The DNA evidence, therefore, would also have been admissible in P.M.'s and R.G.'s trial because it was relevant to show appellant likely sexually abused them in conformity with his character. *See, e.g.*, *Cano v. State*, No. 13-15-00005-CR, 2016 WL 4145966, *3 (Tex. App.—Corpus Christi Aug. 4, 2016, pet. ref'd) (mem. op., not designated for publication) (concluding no unfair prejudice by denying motion to sever when evidence of indecency of one child by contact and indecency with another child by exposure would be admissible in both trials); *see also Fronek v. State*, No. 05-14-01118-CR, 2016 WL 3144243, at *3-4 (Tex. App.— Dallas June 6, 2016, pet. ref'd) (mem. op., not designated for publication).

We recognize this broad allowance for admission is limited by rule 403's balancing test, which permits admission of evidence as long as its probative value is not substantially outweighed by its potential for unfair prejudice. *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex.

–4–

App.—Texarkana 2015, pet. ref'd). We acknowledge appellant objected at trial pursuant to rule 403. However, his brief neither cites rule 403 nor provides any analysis as to why the trial court abused its discretion by overruling his objection. Therefore, appellant has not presented this issue for review. TEX. R. APP. P. 38.1(h); *Valdez v. State*, No. 07-06-0124-CR, 2007 WL 1703666, at *3 (Tex. App.—Amarillo June 12, 2007, pet. ref'd) (mem. op., not designated for publication) (concluding appellant waived rule 403 argument by only briefly mentioning the rule and providing no citations to authority or analysis).

Regardless, we would reach the same conclusion if we considered the limitations of rule 403. By arguing he "never had a chance" when the State introduced the DNA evidence, appellant essentially claims the evidence is unfairly prejudicial for the same reason the statute allows for its admissibility. The statute recognizes that this type of evidence is, by definition, propensity or character evidence. *Bradshaw*, 466 S.W.3d at 883. It is admissible notwithstanding those characteristics. *Id.*; *see also* TEX. CODE CIV. PROC. ANN. art. 38.37, § 2. Moreover, if all three cases had been tried separately, the DNA evidence would have been probative because it was the scientific evidence supporting R.M.'s sexual abuse allegations. Although R.M.'s testimony alone would have corroborated P.M.'s and R.G.'s allegations, the jury could have questioned the credibility of R.M. and P.M. based on their denial of the allegations several years early. Further, P.M. admitted he believed appellant's conviction would help him reunite faster with his mother and the defense insinuated this established his motivation to lie about the abuse.[3]

Clearly, such evidence was prejudicial to appellant's case. However, rule 403 does not allow exclusion of otherwise relevant evidence when it is merely prejudicial. *Bradshaw*, 466 S.W.3d at 883. Rather, it must rise to the level of unfair prejudice. *Id.*; *see also Hodge*, 500

---

[3] A CPS investigation was ongoing at the time of trial. R.M. was not a part of it because she was over eighteen years old.

S.W.3d at 621.  Appellant failed to sustain this burden.  For these reasons, we cannot conclude the trial court abused its discretion.   Appellant's sole issue is overruled.

The judgments of the trial court are affirmed.

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151060F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANNY RICHARD MINOR, Appellant

No. 05-15-01060-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-82236-2014.
Opinion delivered by Justice Bridges.
Justices Evans and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered February 3, 2017.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DANNY RICHARD MINOR, Appellant

No. 05-15-01061-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-82237-2014.
Opinion delivered by Justice Bridges.
Justices Evans and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered February 3, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANNY RICHARD MINOR, Appellant

No. 05-15-01062-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-82238-2014.
Opinion delivered by Justice Bridges.
Justices Evans and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 3, 2017.