

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00045-CR

LESTER LEVELLE REEDY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 46311-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Lester Levelle Reedy was sentenced to life imprisonment after a Gregg County jury convicted him of sexual assault of John Smith, a child.[1]  *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West Supp. 2018).  In a single point of error raised on appeal, Reedy argues that the trial court abused its discretion in admitting a prior conviction of sexual assault of a different child during the guilt/innocence phase of his trial.

We affirm the trial court's judgment because we find that (1) Article 38.37 of the Texas Code of Criminal Procedure provided for the admission of the extraneous sexual offense and (2) the trial court did not abuse its discretion in concluding that the probative value of the prior offense was not substantially outweighed by the danger of unfair prejudice or other reasons set forth in Rule 403 of the Texas Rules of Evidence.

## I. Factual and Procedural Background

At trial, Smith testified that the sexual assault occurred while he was working at his family's clothing store, along with his mother and aunt.  Smith stated that he escorted a woman to the dressing room after she approached him and asked to try on a pair of jeans.  According to Smith, the woman grabbed him, pulled him into a dressing room stall, took off his pants, and placed his sexual organ in her mouth.  Smith told the woman, "[T]his is not right" and pushed her off.  He added that the incident lasted three or four minutes, but admitted during cross-examination that it could have lasted ten minutes.

---

[1]We use a pseudonym in referring to the victim, who was a child on the date of the offense.  *See* TEX. R. APP. P. 9.10.

On exiting the stall, Smith acted as the cashier for the woman who was purchasing the jeans. Smith testified that his mother noticed something was wrong and asked him if everything was fine. This prompted Smith to report the sexual assault to his mother while the woman was still in the store. Smith's mother and the woman engaged in an aggressive argument that was noticed by a security officer who apprehended the woman. After the Longview Police Department arrived and arrested the woman, Smith and others discovered that she was a man. Smith identified Reedy as the perpetrator at trial.

The State sought to introduce Reedy's prior conviction for sexual assault of a child. The judgment of conviction and accompanying documents established that Reedy, pursuant to a plea bargain agreement, pled guilty to "intentionally and knowingly caus[ing] the sexual organ of . . . a child . . . to contact and penetrate [his] . . . mouth." Reedy objected to the introduction of the prior conviction on the ground that its probative value was substantially outweighed by the danger of unfair prejudice. Noting the similarities between the current and prior offense, the trial court overruled Reedy's objection. On appeal, Reedy argues that the trial court's decision to admit the prior offense was erroneous.

## II. Standard of Review

"[A] trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard." *Bradshaw v. State*, 466 S.W.3d 875, 878 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011)). "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of reasonable disagreement.'" *Id.* (quoting *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—

3

Texarkana 2011, pet. ref'd)). "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed." *Id*. (quoting *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002)). "In determining whether the trial court abused its discretion, '[w]e may not substitute our own decision for that of the trial court.'" *Id*. (quoting *Marsh*, 343 S.W.3d at 478).

## III. Admissibility of Certain Prior Offenses Under Article 38.37 and Rule 403

By statute, when a defendant is tried for a sexual offense committed against a child under seventeen years of age, the State may, notwithstanding Rules 404 and 405 of the Texas Rules of Evidence, introduce evidence that the defendant has committed a separate sexual offense against another child "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 1–2 (West 2018). Thus, in cases like the one before us, Article 38.37 of the Code of Criminal Procedure permits the introduction of evidence "in a trial of a defendant for the enumerated sexual crimes against children . . . that the defendant has committed certain offenses against a nonvictim of the charged offense." *Belcher v. State*, 474 S.W.3d 840, 844 (Tex. App.—Tyler 2015, no pet.).[2]

However, "the admission of evidence under Article 38.37 'is limited by Rule 403's balancing test, which permits admission of evidence as long as its probative value is not

---

[2]Before such evidence is introduced, the trial court must conduct a hearing outside of the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a.

4

substantially outweighed by its potential for unfair prejudice.'" *Fahrni v. State*, 473 S.W.3d 486, 492 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex. App.—Texarkana 2015, pet. ref'd)). When conducting a Rule 403 balancing test, the court

> must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). In any given case, "these factors may well blend together in practice." *Id*. at 642.

## IV. The Trial Court Did Not Abuse Its Discretion In Overruling Reedy's Rule 403 Objection

Reedy argues that the trial court erred in the manner in which it conducted the Rule 403 balancing test. We disagree.

With respect to the first factor in the balancing test, evidence of a separate sexual offense against a child admitted under Article 38.37 is probative of a defendant's character or propensity to commit sexual assaults on children. *See Bradshaw*, 466 S.W.3d at 883. This evidence was also probative of Smith's credibility, which was an issue at trial.[3] The trial court found the extraneous offense was "particularly admissible" because the manner and means by which the offense was

---

[3]During cross-examination, Reedy's attorney pointed out discrepancies between Smith's testimony at trial and his Children's Advocacy Center interview and established that the incident may have lasted ten minutes. In closing argument, Reedy's counsel accused Smith of lying, emphasized the lack of any security footage, discussed the discrepancies between Smith's prior version of events and the version he told at trial, and noted that neither Smith's mother or aunt, who were both in the store during the incident, heard Smith call for help. On appeal, Reedy's counsel suggests that consent was at issue.

5

committed—penetration of the defendant's mouth with the victim's sexual organ—was the same manner and means by which Smith testified that the offense was committed by Reedy. We conclude that this factor weighed strongly in favor of admission.

As to the second factor, Reedy essentially argues that this case is a swearing match "with consent at issue." By adopting Article 38.37, Section 2, the Legislature recognized that, in child sex offenses, "there is typically very little evidence to assist prosecutors with proving their cases." *Id*. at 884 (quoting Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg., R.S. (2013)). Because there was no DNA evidence, surveillance footage, or third-party eyewitness to the assault, the State had a considerable need for the evidence. "Rule 403 'should be used sparingly to exclude relevant, otherwise admissible evidence that might bear on the credibility of either the defendant or complainant in such 'he said, she said' cases [involving sexual assault].'" *Id*. at 883–84 (quoting *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009)). Accordingly, the second factor also weighed in favor of admission.

With respect to the third factor, we recognize that the inherently inflammatory and prejudicial nature of evidence of extraneous sexual offenses against children does tend to suggest a verdict on an improper basis. *Newton v. State*, 301 S.W.3d 315, 320 (Tex. App.—Waco 2009, pet. ref'd). Thus, the third factor weighed against admission.

As to the fourth factor, the ultimate issue in this case was whether Reedy committed the sexual assault against Smith as the State alleged. The trial court mitigated the tendency of the extraneous-offense evidence to confuse or distract the jury from the main issues at trial by instructing the jury that it could only consider the extraneous offense for the limited purpose of

"show[ing] the defendant's motive, opportunity, intent, preparation, plan, knowledge or absence of mistake or lack of accident" if it first found beyond a reasonable doubt that Reedy committed the extraneous offense. Notwithstanding Article 38.37, the trial court further instructed the jury that it could *not* consider the evidence "to prove that the defendant is a bad person and for this reason was likely to commit the charged offense." The charge clarified, "In other words, you should consider this evidence only for the specific, limited purpose I have described." We presume that the jury followed the trial court's instructions. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003). We find the fourth factor weighed in favor of admission.

The fifth factor refers to evidence such as highly technical or scientific evidence that might mislead the jury because it is not equipped to weigh the probative force of the evidence. *Gigliobianco*, 210 S.W.3d at 641. Here, the evidence in question was not scientific or technical and pertained to matters that could easily be understood by a jury. We find the fifth factor weighed in favor of admission.

As to the last factor, the presentation of the extraneous-offense evidence did not consume an inordinate amount of time. Introduction of the prior offense through the testimony of a law enforcement officer comprised a total of 5 out of over 300 transcribed pages, and cross-examination regarding the prior offense comprised less than one page. On this record, we find that the last factor favored admission.

Accordingly, we find that the trial court, after balancing the Rule 403 factors, could have reasonably concluded that the probative value of the extraneous offense was not substantially

outweighed by the danger of unfair prejudice and the other factors in the rule. Consequently, we find that the trial court did not abuse its discretion and overrule Reedy's sole issue on appeal.

## V.     Conclusion

We affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:     November 21, 2018
Date Decided:       December 7, 2018

Do Not Publish