

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00074-CR

_____

DEMARCUS DEWAYNE LATIMORE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 18F1384-102

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Following his conviction by a jury of indecency with a child by sexual contact, Demarcus Dewayne Latimore was sentenced to five years' confinement.[1]  On appeal, Latimore claims that the trial court erred in admitting extraneous-offense evidence under Rule 403 and that this Court should modify the judgment to reflect a plea of "not guilty" instead of "guilty."  Although we modify the judgment to reflect Latimore's "not guilty" plea, we find no error in the admission of the complained-of evidence and therefore affirm Latimore's conviction.

*The Trial Court Did Not Abuse Its Discretion by Admitting Extraneous-Offense Evidence*

The evidence at trial showed that Latimore engaged in indecent sexual contact with P.B.[2] when she was a child.  At trial, P.B. was fifteen years old.  P.B. lived with her mother and Latimore in approximately 2015 when she attended a local elementary school.  P.B. testified that she awakened one morning to discover that Latimore was touching her as she laid on her back in bed.  Latimore was bending over P.B. as he touched her vagina under her clothes.  P.B. testified that Latimore also touched inside her vagina.  When P.B. moved, Latimore ran out of the room.  P.B. testified that Latimore touched her vagina on the inside a second time a couple of months later.  P.B. was eleven or twelve years old on both occasions.  A couple of years later, P.B. told her aunt about Latimore's assaultive behavior.

---

[1]The indictment returned against Latimore charged him with sexual assault of a child.  Although the jury found Latimore not guilty of sexual assault of a child as charged in the indictment, it found him guilty of indecency with a child by sexual contact.

[2]Because various individuals were minors at the time the offense was committed, we refer to them by initials.  *See* TEX. R. APP. P. 9.10.

The extraneous-offense evidence in question involved D.C., who was twenty-two years old at trial. D.C. testified that she met Latimore when she was in the eighth grade. At some point while she was still in school, D.C. lived with Latimore and her sister, L.B. According to D.C., Latimore dated L.B. for a long time, and L.B. put Latimore before her family. When D.C. was sixteen, she was staying with L.B., her niece P.B., and Latimore in Texarkana, Arkansas. D.C. shared a room with P.B. As D.C. was lying in bed one night, she felt someone rub her leg. D.C. testified that she was sleeping in the same bed with P.B. and thought P.B. had rubbed against her. Then D.C. noticed the rubbing—as she described it—start again. That time D.C. woke up to discover Latimore's hand moving up her leg close to her sexual organ. When D.C. woke up, Latimore left the room.

Latimore complains that the trial court erred in admitting D.C.'s testimony over his Rule 403 objection,[3] claiming that D.C.'s testimony lacked probative value and was highly prejudicial. *See* TEX. R. EVID. 403.

We review rulings on the admissibility of extraneous offenses for an abuse of discretion. *Bradshaw v. State*, 466 S.W.3d 875, 878 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011)). There is no abuse of discretion if the trial court's ruling is within the "zone of reasonable disagreement." *Id.* (quoting *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd)). If the record supports the

---

[3]The trial court conducted an Article 38.37 hearing outside the presence of the jury at which D.C. offered the same testimony as she did at trial. Latimore objected on the basis of Rule 403 on both occasions. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b) (Supp.); TEX. R. EVID. 403.

3

ruling, the trial court has not abused its discretion and will not be reversed. *Id.* (quoting *Marsh*, 343 S.W.3d at 478).

Evidence of prior sexual assaults may be admitted "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." *Bradshaw*, 466 S.W.3d at 882 (quoting TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b)). This rule of admission is constrained by a balancing test under Rule 403, asking whether the probative value of the evidence is substantially outweighed by its potential for unfair prejudice. *Id.* (citing TEX. R. EVID. 403). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. Under Rule 403, the trial court

> must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). The amendments to Article 38.37 of the Texas Code of Criminal Procedure were intended "to remove the propensity bar to the admissibility of certain evidence." *Bradshaw*, 466 S.W.3d at 882.

The charged offense involves a claim that Latimore sexually assaulted P.B. when P.B. was asleep in her room when she was eleven or twelve years old. When P.B. moved, Latimore ran out of the room. That conduct took place when P.B. lived with Latimore and L.B., P.B.'s

4

mother, in 2015. D.C. described similar conduct by Latimore that took place while D.C. was living with Latimore, L.B., and P.B. D.C. testified that Latimore entered her room while she was sleeping and placed his hand on her thigh, close to her sexual organ. When D.C. woke up, Latimore left the room.

D.C.'s testimony is clearly probative as it describes circumstances similar to the assaults described by P.B. Latimore nevertheless claims that this evidence is unfairly prejudicial "for the very reason the statute—and the documented legislative history—allows for its admissibility." *Id.* at 883. As in *Bradshaw*, Latimore claims that this is propensity evidence and therefore should be excluded. As we recognized in *Bradshaw*, "The statute recognizes that evidence of this type is, by definition, propensity, or character evidence. It is admissible notwithstanding those characteristics" if it survives the balancing test. *Id.*

Although D.C.'s testimony was prejudicial to Latimore's case, "the plain language of Rule 403 does not allow a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013). We also recognize that this evidence was important to the State in light of the fact that this case presented a "he said, she said" scenario. Because sexual assault cases frequently present such scenarios, "Rule 403 should be used sparingly to exclude relevant, otherwise admissible evidence that might bear on the credibility of either the defendant or complainant in such 'he said, she said' cases." *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009).

As for the tendency of D.C.'s testimony to confuse or distract the jury from the main issue at trial—whether Latimore sexually assaulted P.B.—the trial court's instructions mitigated

5

against any such tendency. The trial court's instructions to the jury provided that it could not consider D.C.'s testimony regarding the extraneous offense unless it found, beyond a reasonable doubt, that Latimore committed the extraneous offense. Even in that circumstance, the jury was instructed only to consider the evidence for its bearing on matters relevant to determining whether Latimore committed the acts alleged in the indictment.[4]

Finally, the record reflects that the presentation of D.C.'s testimony regarding the extraneous offense did not consume an inordinate amount of time and was not repetitive of other testimony. Such testimony comprised less than fifteen pages of the record of a trial that lasted two days.

Considering the foregoing, we conclude that the trial court acted within its discretion in concluding that the probative value of the extraneous-offense evidence was not substantially outweighed by the danger of unfair prejudice and the other factors in the rule. We overrule this point of error.

*Modification of the Judgment*

Despite the fact that Latimore pled not guilty to the charge leveled against him in the indictment, the judgment indicates that Latimore pled guilty. Latimore therefore asks that we modify the judgment to reflect his plea of "not guilty." The State agrees that the judgment should be so modified. "We have the authority to reform the judgment to make the record speak the truth when the matter has been called to our attention by any source." *Rhoten v. State*, 299

---

[4]The fifth *Gigliobianco* factor "refers to evidence such as highly technical or scientific evidence that might mislead the jury because it is not equipped to weigh the probative force of the evidence" and thus does not apply here. *Price v. State*, 594 S.W.3d 674, 681 (Tex. App.—Texarkana 2019, no pet.) (citing *Gigliobianco*, 201 S.W.3d at 641).

S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)).  "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so."  *Id.*; *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd); *French*, 830 S.W.2d at 609.  "The Texas Rules of Appellate Procedure also provide direct authority for this Court to modify the trial court's judgment."  *Id.* (citing TEX. R. APP. P. 43.2).

The judgment incorrectly indicates that Latimore pled  "guilty" to the alleged offense, while the record is clear that Latimore pled "not guilty."  As a result, we modify the judgment to reflect Latimore's plea of "not guilty" to the charged offense.

We affirm the trial court's judgment, as modified.


Josh R. Morriss, III
Chief Justice


Date Submitted:     February 24, 2022
Date Decided:       March 17, 2022

Do Not Publish