**Affirm and Opinion Filed December 30, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00920-CR

### BILLY ANTHONY WILLIAMS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1940504-T**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

A jury convicted appellant of aggravated sexual assault of a child.[1] The trial court sentenced him to sixty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant complains in three issues that the trial court abused its discretion by (1) overruling an objection to testimony in violation of Texas Rule of Evidence 403, (2) refusing to submit a lesser included offense in the jury charge, and (3) refusing to submit a spoliation instruction in the

---

[1] The State charged appellant with continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02. The trial court subsequently granted the State's motion to amend the indictment. The amended indictment changed the first date of the offense. The jury found appellant guilty of the lesser included offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B).

jury charge. We overrule appellant's three issues. We affirm the trial court's judgment.

### *The trial court did not abuse its discretion by overruling appellant's Rule 403 objection to B.M.'s testimony*

In his first issue, appellant complains the trial court abused its discretion in admitting the testimony of B.M., an extraneous evidence witness, because "it violated Rule 403" of the Texas Rules of Evidence. B.M. testified that appellant forced her to engage in oral sex in his car when she was sixteen years old.[2]

We examine a trial court's decision to admit or exclude evidence for an abuse of discretion. *See White v. State*, No. 05-18-01247-CR, 2019 WL 3406621, at *1 (Tex. App.—Dallas July 2019, no pet.) (mem. op., not designated for publication); *Cuadros-Fernandez v. State*, 316 S.W.3d 645, 656 (Tex. App.—Dallas 2009, pet. ref'd). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *See White*, 2019 WL 3406621, at *1. "Trial courts have broad discretion in their evidentiary rulings and ... trial courts are usually in the best position to make the call on whether certain evidence should be admitted or excluded." *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We uphold

---

[2] Appellant does not complain that B.M.'s testimony is inadmissible pursuant to article 38.37, section 2(b) of the Texas Code of Criminal Procedure, which allows evidence to be admitted, in certain circumstances, "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b). When evidence of a defendant's extraneous acts is determined to be relevant and admissible under article 38.37, section 2(b), the evidence remains subject to exclusion under Rule 403 of the Texas Rules of Evidence if a proper objection or request is presented to the trial court. *Keller v. State*, 604 S.W.3d 214, 228 (Tex. App.—Dallas 2020, pet. ref'd).

the trial court's ruling if it is reasonably supported by the evidence and is correct under any theory of law applicable to the case. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *White,* 2019 WL 3406621, at *1. We may not substitute our opinion for that of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

Texas Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. TEX. R. EVID. 403; *see Lara v. State*, No. 05-17-00467-CR, 2018 WL 3434547, at *8 (Tex. App.—Dallas July 17, 2018, pet. ref'd) (mem. op., not designated for publication) (citing *Young v. State*, 283 S.W.3d 854, 876 (Tex. Crim. App. 2009)). Applying the Rule 403 balancing test does not permit "a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Bradshaw v. State*, 466 S.W.3d 875, 883 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013)). "Virtually all evidence that a party offers will be prejudicial to the opponent's case, or the party would not offer it. Evidence is unfairly prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *Casey*

*v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). The term "unfair prejudice" refers to a tendency to suggest a decision on an improper basis such as an emotional one. *See Garcia v. State*, Nos. 05-19-01165-CR, 05-19-01166-CR, 05-19-01167-CR, 05-19-01168-CR, 2020 WL 4381770, at *4 (Tex. App.—Dallas July 31, 2020, no pet.) (mem. op., not designated for publication) (citing *Green v. State,* No. 05-14-01264-CR, 2015 WL 6690216, at *5 (Tex. App.—Dallas Nov. 3, 2015, no pet.) (mem. op., not designated for publication)). It is only where a clear disparity exists between the degree of unfair prejudice of the offered evidence and its probative value that Rule 403 is applicable. *See Green*, 2015 WL 6690216, at *5.

In considering a Rule 403 objection, the trial court must engage in a balancing test that considers: (1) how probative the evidence is; (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence. *See McDade v. State*, 613 S.W.3d 349, 353 (Tex. App.—Dallas 2020, no pet.) (citing *Colone v. State,* 573 S.W.3d 249, 266 (Tex. Crim. App. 2019)).

 "The first factor looks to the evidence's probativeness or how compellingly the evidence serves to make a fact of consequence more or less probable." *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). Appellant concedes "the testimony about the sexual assault of B.M. had probative value." We agree.

The jury was instructed, in part, as follows:

If you unanimously find and believe from the evidence beyond a reasonable doubt that beginning on or about the 1st day of September, 2007, in Dallas County, Texas, the Defendant, Billy Anthony Williams, intentionally or knowingly caused the contact of the mouth of the complainant, a child younger than 14 years of age, and the sexual organ of the Defendant you will find him guilty of Aggravated Sexual Assault of a child as included in the indictment.[3]

S.M., the complainant, testified she was three years old when appellant's sexual mistreatment of her began. Appellant initially told S.M. that his putting his penis in her mouth was a game called "candy." After S.M.'s eleventh birthday, appellant caused S.M. to engage in vaginal intercourse and oral sex with him. S.M. testified that similar conduct occurred between September 1, 2007, and October 16, 2009, S.M.'s fourteenth birthday.[4] S.M. testified the first sexual incident with appellant that occurred after September 2007 occurred when he had her engage in oral sex in his car.[5] S.M. provided detailed testimony concerning the incident.

B.M., the extraneous evidence witness, testified that in January 2019, when she was sixteen years old, she left home to walk to high school. She walked along a

---

[3] Appellant does not complain about this instruction.

[4] Section 21.02 of the Texas Penal Code, the statute defining the offense of continuous sexual abuse of a young child, became effective September 1, 2007, and does not apply to an offense committed before that date. *See Alexander v. State*, Nos. 05-18-00784-CR, 05-18-00785-CR, 2019 WL 3334625, at *4 (Tex. App.—Dallas July 25, 2019, no pet.) (mem. op., not designated for publication) (citing *Martin v. State*, 335 S.W.3d 867, 873 (Tex. App.—Austin 2011, pet. ref'd)). Section 21.02 applies to continuous sexual abuse of a child younger than fourteen years old. *See* TEX. PENAL CODE ANN. § 21.02(b)(2); *Alexander*, 3334625, at *4. S.M. testified she was born October 16, 1995. In order to lawfully convict appellant of continuous sexual abuse of a young child, the State had to prove abuse that occurred between September 1, 2007, when the statute became effective, and October 16, 2009, S.M.'s fourteenth birthday. *See id*.

[5] S.M. consistently testified that "oral sex" meant appellant's penis being placed in her mouth.

street. A car driven by appellant turned onto the street. The car stopped. Appellant rolled down his window and asked B.M. if she wanted a ride to school. She had not previously seen appellant. It was windy and cold, and B.M. got into the car. Appellant asked B.M. whether she had a boyfriend and said she should be a model. Appellant drove to an isolated part of the high-school parking lot. Appellant touched and licked B.M.'s breasts. He groped her breasts for about two minutes. He put his mouth on her breasts for about five to ten minutes. He put his hand inside her shirt, but she was unsure whether he put his hand underneath her bra. He licked her nipples. He put his hand into her pants and placed his fingers inside her vagina for about five minutes. He grabbed her head and made her put his penis in her mouth and "made me give him oral." She did not consent to appellant's conduct. She was shocked and scared and thought of how to get away. She grabbed the car door and opened it. Once B.M. was inside the school, she and a friend reported the assault to a teacher.

Appellant mainly argues "[t]here was no similar 'modus operandi' between the offenses" to which B.M. and S.M. testified and that the two are "significantly different." He argues B.M. was a stranger to him and was picked up in a car while walking to school, while S.M. was his relative and "most of the assaults on her took place in homes." We disagree with appellant's assertion. B.M. testified that appellant caused her, when she was a child, to engage in oral sex in his vehicle. As noted, B.M.'s testimony concerns the type of conduct (1) to which S.M. testified occurred

to her and (2) on which the jury was instructed on aggravated sexual assault of a child. The probative value of B.M.'s testimony concerning appellant's causing her, a child, to engage in oral sex in his vehicle is compelling due to its similarity to S.M.'s testimony and its being the type of conduct for which he was tried. Although B.M. was sixteen years old when she was assaulted—rather than being younger than fourteen years old as S.M. was—the trial court did not abuse its substantial discretion in finding that her testimony was probative as evidence of appellant's character and acts performed in conformity with his character. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b); *Caston v. State*, 549 S.W.3d 601, 612 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (evidence of prior sexual abuse of children is especially probative of the defendant's propensity to sexually assault children).

Moreover, S.M. was the only fact witness to testify about appellant's causing her to engage in oral sex in his vehicle. *See Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006) (when the proponent has other compelling or undisputed evidence to establish the fact or proposition that the challenged evidence goes to prove, the probative value of the contested evidence will weigh far less in the probative versus prejudicial balance). The court of criminal appeals has observed that "[s]exual assault cases are frequently 'he said, she said' trials . . . ." *See Hammer v. State*, 296 S.W.3d 555, 561-62 (Tex. Crim. App. 2009). The probative value of B.M.'s testimony was compelling because S.M. was the sole fact witness to testify about appellant's similar assault. *See Price v. State*, Nos. 05-18-00243-CR, 05-18-

00244-CR, 2019 WL 2223600, at \*5 (Tex. App.—Dallas May 23, 2019, pet. ref'd.) (mem. op., not designated for publication) ("Especially in cases like this one, where there is little or no physical evidence to support the complainants' accusations, the credibility of the complainants is a focal issue in the case[]" and concluding that evidence that appellant sexually abused another child had "considerable probative force quite apart from its tendency to show character or propensity to offend.").

Because B.M.'s testimony was of compelling probative value, this first factor under our Rule 403 analysis weighs in favor of admissibility. *See Mechler*, 153 S.W.3d at 440 (when considering the probative value under a Rule 403 analysis, the courts consider how compellingly the evidence serves to make a fact of consequence more or less probable).

Appellant asserts: "The testimony about B.M. also had a tendency to result in a verdict on an improper basis because of the 'inherently inflammatory and prejudicial nature of crimes of a sexual nature committed against children.'" Appellant cites to *Russell v. State*, 113 S.W.3d 530, 544-49 (Tex. App.—Fort Worth 2003, pet. ref'd). However, subsequent to *Russell*, the Texas Court of Criminal Appeals has recognized that "sexually related bad acts and misconduct involving children are inherently inflammatory." *Pawlak*, 420 S.W.3d at 811. The language of Rule 403 "does not allow a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Id.* Rule 403 only addresses "unfair" prejudice,

which refers "to relevant evidence's tendency to tempt the jury into finding guilt on grounds apart from proof of the offense charged." *Mechler*, 153 S.W.3d at 440.

In the present case, the jury deliberated for about two days. It sent questions to the trial court during its deliberations. It found appellant guilty of a lesser included offense. As noted, a jury instruction on the lesser included offense defined the offense, and S.M. testified that appellant engaged in the defined conduct.

The record demonstrates the jury acted rationally and based its verdict on evidence rather than on emotional or other improper grounds such as hostility or sympathy without regard to the logical probative force of the evidence. *See Gigliobianco*, 210 S.W.3d at 641 (explaining "unfairly prejudicial" evidence). We conclude that B.M.'s testimony did not tend to impress the jury in an irrational, indelible way. This second factor under our Rule 403 analysis weighs in favor of admissibility.

The third factor "looks to the time the proponent will need to develop the evidence, during which the jury will be distracted from the consideration of the indicted offense." *Mechler,* 153 S.W.3d at 441. Appellant complains that "[t]he assault on B.M. also took up a great deal of time and involved three other witnesses," B.M.'s teacher, Andree Griffin, school resource officer Chris Smith, and Detective Tim Rountree. B.M.'s testimony consisted of about twenty-five pages of direct examination in the court reporter's transcript; Griffin's, three pages; and Smith's, four pages. Rountree provided about sixty-two pages of direct testimony. The

transcript contains a total of about 284 pages of testimony. Much of Rountree's testimony concerned his background, police procedure generally, and police procedure in appellant's case.

Although the amount of time expended in developing the evidence is a factor, "[t]he more significant issue here is whether the jury would be distracted from consideration of the charged offense during the time needed to present" B.M.'s testimony. *Id.* Appellant fails to explain how the jury was distracted from its consideration of the charged offense. Moreover, the record does not suggest the jury was distracted by the time taken to develop B.M.'s testimony. We reach this conclusion after considering *all* time necessary to develop B.M.'s testimony.

Because the jury was not distracted from consideration of the charged offense, we conclude this third factor under our Rule 403 analysis weighs in favor of admissibility.[6] *See Pugh v. State*, 639 S.W.3d 72, 94 (Tex. Crim. App. 2022) ("The time needed to develop the contested exhibits did not unfairly prejudice the defendant because the presentation of the exhibits did not distract the jury from consideration of the charged offense.").

---

[6] In his Rule 403 issue, appellant also asserts: "A lengthy recorded interview of Mr. Williams also was introduced. (State's Ex. 11). This interview did not involve the indicted offense of the assault against S.M." Appellant does not argue, and the record does not demonstrate, that introduction of the recording distracted the jury from consideration of the charged offense. *See Pugh v. State*, 639 S.W.3d 72, 94 (Tex. Crim. App. 2022) ("The time needed to develop the contested exhibits did not unfairly prejudice the defendant because the presentation of the exhibits did not distract the jury from consideration of the charged offense.").

Appellant asserts that the State did not have a "high need" for B.M.'s testimony. He asserts: "On balance, the lack of need for the evidence and the risk of improper use of the evidence, should have caused the trial court to find that the probative value of the extraneous assault on B.M. was substantially outweighed by the danger of unfair prejudice."

To determine whether the proponent had substantial need for the evidence, we consider (1) whether the proponent had other available evidence to establish the fact of consequence that the evidence was relevant to show; (2) if so, how strong that other evidence was; and (3) whether the fact of consequence was related to a disputed issue. *See McDade*, 613 S.W.3d at 357 (citing *Bentley v. State*, No. 05-11-01441-CR, 2013 WL 1701920, at *5 (Tex. App.—Dallas Apr. 19, 2013, no pet.) (mem. op., not designated for publication) (citing *Erazo v. State*, 144 S.W.3d 487, 495–96 (Tex. Crim. App. 2004)).

The court of criminal appeals has recognized:

[S]exual assault cases are frequently "he said, she said" trials in which the jury must reach a unanimous verdict based solely upon two diametrically different versions of an event, unaided by any physical, scientific, or other corroborative evidence. Thus, the Rules of Evidence, especially Rule 403, should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant in such "he said, she said" cases.

*Hammer*, 296 S.W.3d at 561–62. The concerns expressed by the court of criminal appeals in *Hammer* were present below. S.M. was the only fact witness to testify about appellant's conduct. We conclude the State's need for B.M.'s testimony was

–11–

high due to the lack of other available evidence. *See Bradshaw*, 466 S.W.3d at 883-84 (trial court did not abuse its discretion in overruling Rule 403 objection because, "In the absence of the extraneous-offense evidence this becomes a 'he said, she said' case.").

S.M.'s credibility was key to the State's case. As the court of criminal appeals recognized, trials such as this frequently are "'he said, she said' trials." *Hammer*, 296 S.W.3d at 561–62. The jury was the sole judge of S.B.'s credibility and the weight to be given to her testimony. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). We conclude the lack of other evidence demonstrates the State's high need for B.M.'s testimony.

B.M.'s testimony was closely related to the issue of whether appellant committed aggravated sexual abuse of a child. As discussed, B.M. testified that appellant forced her to engage in oral sex with appellant in his vehicle when B.M. was a minor. The jury instruction on aggravated sexual assault with a child allowed the jury to convict appellant for his conduct with S.M. that was similar to his conduct with B.M. The jury also was instructed that it was authorized to consider B.M.'s testimony in order to determine the character of appellant and acts performed in conformity with the character of appellant. We conclude B.M.'s testimony was closely related to a disputed issue.

Based on other available evidence, the strength of other evidence, and whether B.M.'s testimony was related to a disputed issue, we conclude the State had

–12–

substantial need for B.M.'s testimony. *See McDade*, 613 S.W.3d at 357–58 (listing factors to determine need for evidence).

In light of our review, we cannot say there is a "clear disparity" between the danger of unfair prejudice posed by B.M.'s testimony and its probative value. *See Hammer*, 296 S.W.3d at 568 (Rule 403 envisions exclusion of evidence only when there is a "clear disparity between the degree of prejudice of the offered evidence and its probative value."). We conclude the trial court's admission of B.M.'s testimony was not outside the zone of reasonable disagreement. *See White*, 2019 WL 3406621, at *1. The trial court did not abuse its discretion in admitting B.M.'s testimony. We overrule appellant's first issue.

*The trial court did not err by refusing to instruct the jury on sexual abuse of a child*

In his second issue, appellant asserts that the trial court erred in denying his request for a jury instruction on the lesser included offense of sexual assault of a child.

The jury charge included instructions on two offenses: continuous sexual abuse of a young child and aggravated sexual assault of a child. Both offenses apply when a victim is younger than fourteen years old. *See* TEX. PENAL CODE ANN. §§ 21.02(b)(2)(A), 22.021(a)(2)(B). Appellant requested a jury instruction on sexual assault of a child "because there is some evidence that a sexual assault occurred after

October 15, 2009," the day before S.M.'s fourteenth birthday. *See* TEX. PENAL CODE ANN. § 22.011. The trial court responded,

> I discussed this with the reporter. I went through my notes. I cannot recall nor can she recall nor do my notes reflect any evidence of sex after she turned whatever age—over fourteen.

Appellant argues the requested charge is supported by evidence that appellant's last encounter with S.M. was "in October" 2009.

We review a trial court's refusal to include a lesser-included-offense instruction in its charge to the jury for an abuse of discretion. *See Chaves v. State*, 630 S.W.3d 541, 552 (Tex. App.—Houston [1st Dist.] 2021, (no pet.) (mem. op., not designated for publication). In determining whether a defendant is entitled to a lesser-included-offense instruction, we engage in a two-step analysis. *See George v. State*, 634 S.W.3d 929, 937 (Tex. Crim. App. 2021). First, we must determine whether the offense contained in the requested instruction is a lesser included offense of the charged offense. *Id.* This is a question of law that does not depend on what evidence will be produced at trial. *Id.*; *Brown v. State*, No. 05-19-00597, 2020 WL 4034964, at *3 (Tex. App.—Dallas July 17, 2020, no pet.) (mem. op., not designated for publication). The parties do not dispute that sexual assault of a child is a lesser included offense of the charged offense here.

"Thus we focus our analysis on the second step, which requires us to determine whether the evidence admitted at trial 'would permit a jury *rationally* to find that if the defendant is guilty, he is guilty only of the lesser offense.'" *George*,

–14–

634 S.W.3d at 937 (emphasis added). Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Id.* When determining whether a defendant is entitled to a lesser included offense, we view the facts in the light most favorable toward submitting the instruction, not in a light most favorable to the verdict. *See Wade v. State*, No. PD-0517-20, 2022 WL 1021056, at *3 (Tex. Crim. App. Apr. 6, 2022). "It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted." *Machuca v. State*, No. 05-21-00567-CR, 2022 WL 16757125, at *1 (Tex. App.—Dallas Nov. 8, 2022, no pet.) (mem. op., not designated for publication) (quoting *Cortez v. State*, No. 05-19-00561-CR, 2020 WL 3248477, at *1 (Tex. App.—Dallas June 16, 2020, pet. ref'd) (mem. op., not designated for publication) (quoting *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)). However,

> we will not hold that the evidence entitles a defendant to a lesser-included-offense instruction if the record would support only an illogical or irrational finding by the jury that the defendant is guilty only of the lesser offense; rather, the ultimate inquiry is whether the lesser offense is a valid *rational* alternative to the charged offense.

*George*, 634 S.W.3d at 937 (emphasis in original).

Appellant argues that the trial court erred by not submitting a lesser-included-offense charge of sexual assault of a child because there is evidence of an offense occurring after S.M.'s fourteenth birthday. He argues that (1) S.M.'s fourteenth

–15–

birthday was October 16, 2009; (2) S.M.'s son was born December 14, 2009; (3) S.M. testified her final encounter with appellant was when S.M. was pregnant with her son; and (4) S.M. testified she did not know she was pregnant until two months before he was born. Therefore, appellant concludes, "the last encounter with [appellant] had to have been in October of 2009."

We reject appellant's argument for two reasons. First, there must be some evidence directly germane to a lesser included offense for the fact finder to consider before an instruction on a lesser included offense is warranted—it requires affirmative evidence that both raises the lesser included offense and rebuts or negates an element of the greater offense. *See Wortham v. State*, 412 S.W.3d 552, 558 (Tex. Crim. App. 2013). It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. *See Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). The jury heard evidence that during September 2007, appellant committed the greater offense of aggravated sexual assault of S.M. The trial court instructed the jury on aggravated sexual assault of a minor. Appellant's assertion that his last encounter with S.M. was in October 2009 does not rebut any element of the September 2007 greater offense. *See Wortham,* 412 S.W.3d at 558.

Second, we overrule appellant's second issue because the record does not contain a scintilla of evidence that appellant's last encounter with S.M. occurred only *on or after* S.M.'s birthday on October 16, 2009. For the submission of a lesser included offense, the record must contain affirmative evidence that both raises the

lesser included offense and rebuts or negates an element of the greater offense. *See id*. Appellant would have the jury speculate, with no rational basis, about what day "in October" the last encounter occurred. At most, the record contains some evidence that the last encounter occurred sometime "in October 2009," as appellant asserts. There is no evidence for a juror to rationally conclude that if appellant is guilty, he is guilty *only* of the lesser offense due to its having occurred *on or after* October 16, 2009. *See George*, 634 S.W.3d at 937 (the evidence admitted at trial must permit a jury *rationally* to find that if the defendant is guilty, he is guilty only of the lesser offense). Evidence of a lesser included offense cannot be speculative. *Kiser v. State*, No. 12-14-00093-CR, 2015 WL 5139631, at *1, 3 (Tex. App.—Tyler Sept. 2, 2015, no pet.) (mem. op., not designated for publication); *see Wortham*, 412 S.W.3d at 558 (evidence of a lesser included offense "cannot be mere speculation"); *George*, 634 S.W.3d at 937 (evidence does not support a lesser-included-offense instruction if the record supports only an illogical or irrational finding by the jury that the defendant is guilty only of the lesser offense). We conclude the testimony that appellant's last encounter with S.M. took place in October 2009 is speculative for purposes of including the requested charge, is no evidence that his last encounter with S.M. was on or after October 16, 2009, and does not support submission of the lesser included offense of sexual assault of a child.

For either of the two independent reasons stated above, the trial court did not abuse its discretion in refusing to submit the lesser included offense of sexual abuse of a child. We overrule appellant's second issue.

*The trial court did not err by refusing to submit*
*appellant's proposed spoliation instruction*

In his third issue, appellant complains the trial court erred by refusing to include his requested instruction on spoliation in the jury charge.

Appellant argues the State lost a recorded interview of B.M., surveillance video of the school parking lot where B.M.'s assault occurred, surveillance videos of suspect vehicles in the assault of another person, and a recorded interview of S.M. He argues that Detective Rountree admitted he did not properly save the videos and that this was reckless.

"Spoliation" concerns the loss or destruction of evidence. *Guzman v. State*, 539 S.W.3d 394, 401 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). A possible sanction for the State's spoliation of evidence is a "missing-evidence, adverse-inference, or spoliation instruction." *Arthur v. State*, No. 05-18-00075-CR, 2019 WL 3729499, at *8 (Tex. App.—Dallas Aug. 7, 2019, no pet.) (mem. op., not designated for publication); *see Jones v. State*, 531 S.W.3d 309, 321 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd.) (presuming for purposes of harm analysis, without deciding, "that the trial court should have instructed the jury that it could infer that the lost or destroyed photo spread would have produced a result favorable to appellant").

Appellant concedes, "When spoliation concerns potentially useful evidence, the defendant bears the burden of establishing that the State lost or destroyed the evidence in bad faith," citing *Ex parte Napper*, 322 S.W.3d 202, 229 (Tex. Crim. App. 2010). Appellant argues, however, "[T]he courts should reconsider this requirement of 'bad faith,' especially in light of the State's obligations to produce discovery under Tex. Code Crim. Proc. Art. 39.14."[7] He argues, "Civil litigants in Texas are entitled to a jury instruction on spoliation 'when the party had a duty to preserve the lost or destroyed evidence at issue,'" citing *Pickens v. SCI Texas Funeral Services, Inc.*, 234 S.W.3d 251, 262 (Tex. 2007). In effect, appellant asks that we change settled law pronounced in an opinion of the court of criminal appeals. *See Ex parte Napper*, 322 S.W.3d at 229.

Whether appellant's argument merits legal revision is not for us to decide. *See Cruz-Banegas v. State*, No. 05-21-00256-CR, 2022 WL 2255724, at *4 n.2 (Tex. App.—Dallas June 32, 2022, pet. ref'd) (mem. op., not designated for publication) (stating, "We are bound by the court of criminal appeals's precedent and we decline to accept Mr. Cruz-Banegas's invitation to deviate from it" and citing *Mixon v. State*, Nos. 05-20-00391-CR, 05-20-00392-CR, 2022 WL 202960, at *3 (Tex. App.— Dallas Jan. 24, 2022, pet. ref'd) (mem. op., not designated for publication)). Appellant cited to binding and dispositive precedent of the court of criminal appeals.

---

[7] *See* TEX. CODE CRIM. PROC. ANN. art. 39.14.

*See Ex parte Napper*, 322 S.W.3d at 238. We are bound by the court of criminal appeals' opinion, *id.*, and do not deviate from it. *See Cruz-Banegas*, 2022 WL 2255724, at *4 n.2.

We do not understand appellant's brief to necessarily argue that evidence was lost in "bad faith." However, we conclude he failed to carry his burden in the trial court to demonstrate "bad faith" for purposes of supporting a spoliation instruction.

We review a trial court's decision not to submit an instruction in the jury charge for an abuse of discretion. *See Guzman v. State*, 539 S.W.3d 394, 400 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). "A defendant is entitled to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or uncontradicted, and regardless of how the trial court views the credibility of the defense." *Celis v. State*, 416 S.W.3d 419, 430 (Tex. Crim. App. 2013) (citing *Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008)). The defendant "'bears the burden of production' with respect to a defense," *Shaw v. State*, 243 S.W.3d 647, 658 (Tex. Crim. App. 2007), and "the issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense," *Kuhn v. State*, 393 S.W.3d 519, 532 (Tex. App.—Austin 2013, pet. ref'd). "[A] defense is supported (or raised) by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true." *Shaw*, 243 S.W.3d at 657-58; *see Juarez v. State*, 308 S.W.3d 398, 404 (Tex. Crim. App. 2010) ("The defendant

–20–

bears the burden of showing that each element of the defense has been satisfied."). In determining whether a defense is thus supported by the evidence, the court views the evidence in the light most favorable to the defendant's requested jury instruction, *Jordan v. State*, 593 S.W.3d 340, 343 (Tex. Crim. App. 2020), and relies "on its own judgment, formed in the light of its own common sense and experience, as to the limits of rational inference from the facts proven." *Shaw,* 243 S.W.3d at 658.

Detective Tim Rountree of the Mesquite Police Department testified that he lost a recorded interview by accidentally archiving it electronically under the category "other," which remains stored sixty days, rather than as "felony," which remains archived indefinitely. "If you get that wrong and you don't check it then it can get lost or it can get ate (sic) over itself, which in this case is what I did." A surveillance video was "viewed and not properly recovered." Not recovering the video was his fault. Surveillance video used to identify appellant's vehicle was lost with other surveillance video. Another interview video was deleted because it was categorized and archived as "other" rather than as "felony." He testified, "It was just a failure on my part for the totality of all the evidence in case management. There were a lot of videos. We had interviewed a lot of people and I thought it got done and it didn't." He testified, "I was under the impression that the default was felony and you had to change it to other. It's the other way around. It's other, default to felony. Sorry. It defaults to other, you have to go back and save it as felony."

The court of criminal appeals has recognized that "bad faith"

is more than simply being aware that one's action or inaction could result in the loss of something that is recognized to be evidence. . . . [B]ad faith entails some sort of improper motive, such as personal animus against the defendant or a desire to prevent the defendant from obtaining evidence that might be useful. Bad faith cannot be established by showing simply that the analyst destroyed the evidence without thought, or did so because that was the common practice, or did so because the analyst believed unreasonably that he was following the proper procedure.

*Ex parte Napper*, 322 S.W.3d at 238.

Detective Rountree's testimony did not demonstrate improper motive, such as personal animus against the defendant or a desire to prevent the defendant from obtaining useful evidence. *Id.* ("Bad faith cannot be established by showing simply that the analyst destroyed the evidence without thought, or did so because that was the common practice, or did so because the analyst believed unreasonably that he was following the proper procedure."). Appellant did not carry his burden to show bad faith to support a spoliation-of-evidence jury instruction. *See Ex parte Napper*, 322 S.W.3d at 229.

We hold that the trial court did not err in denying appellant's request for a jury instruction on spoliation of the evidence. *See Guzman*, 539 S.W.3d at 402 (citing *Torres v. State*, 371 S.W.3d 317, 319-20 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) ("spoliation instruction not required where defendant failed to establish potentially useful evidence destroyed in bad faith")).

For each of the two independent reasons stated above, we overrule appellant's third issue.

We affirm the trial court's judgment.


210920f.u05                              /Bill Pedersen, III/
Do Not Publish                           BILL PEDERSEN, III
TEX. R. APP. P. 47.2(b)                   JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BILLY ANTHONY WILLIAMS, Appellant

No. 05-21-00920-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1940504-T. Opinion delivered by Justice Pedersen, III. Justices Myers and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of December, 2022.