

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-23-00448-CR

DWAYNE ANDREW NETTERVILLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 31143A, Honorable Dee Johnson, Presiding

December 20, 2024

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Dwayne Andrew Netterville, Appellant, raises sixteen issues challenging his convictions on three counts of indecency with a child by contact. We affirm.

**BACKGROUND**

The State indicted Appellant on one count of aggravated sexual assault of a child and two counts of indecency with a child. All three counts alleged acts against T.V.J.,[1]

---

[1] To protect the identity of the victim and the State's extraneous offense witnesses, we identify them by their initials. See TEX. R. APP. P. 9.10(a)(3).

who was the daughter of Appellant's brother's girlfriend. Appellant pleaded "not guilty" to all counts. On the first count, the jury found Appellant not guilty of the offense of aggravated sexual assault of a child but found him guilty of the lesser-included offense of indecency with a child. The jury found Appellant guilty of indecency with a child as alleged in count two and count three. At punishment, Appellant pleaded true to an enhancement paragraph. The jury sentenced him to 25 years' confinement and a $10,000 fine on count one and 25 years' confinement on both count two and count three, with sentences to run concurrently.

## ANALYSIS

<u>Issues 1 and 3: Objections to Lynn Jennings</u>

In his first and third issues, Appellant asserts that the expert testimony from a licensed professional counselor, Lynn Jennings, should have been excluded on grounds of relevance and because it provided no useful guidance to the jury.[2] We review a trial court's evidentiary rulings under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court abuses its discretion when its ruling lies outside the zone of reasonable disagreement. *Id.*

The State presented Jennings as a "general expert on the dynamics of sexual abuse, possibly the dynamics of sex offenders, [and] things of that nature." Jennings did not talk to or treat T.V.J., nor did she have any familiarity with the facts of this case. She

---

[2] Appellant has not challenged Jennings's qualifications.

2

testified about how children may act following sexual assault, variations in the outcry process, and protocols for treatment.

Courts have held such testimony to be relevant. *See Brucia v. State*, Nos. 05-11-00866-CR, 05-11-00312-CR, 2012 Tex. App. LEXIS 5844, at *13–16 (Tex. App.—Dallas July 19, 2012, pet. ref'd) (not designated for publication) (expert testimony about delayed outcry and withholding of details relevant and admissible); *Fletcher v. State*, No. 08-09-00122-CR, 2010 Tex. App. LEXIS 7915, at *14 (Tex. App.—El Paso Sept. 29, 2010, pet. ref'd) (not designated for publication) (overruling relevance complaint to expert testimony on patterns of disclosure).

We conclude that the trial court did not abuse its discretion in determining that Jennings's opinions were relevant and could assist the jury. The jury had to determine whether T.V.J. had been sexually abused, and the trial court could have reasonably concluded that the testimony from Jennings was relevant to the jury's assessment. *See Brucia*, 2012 Tex. App. LEXIS 5844, at *16. We overrule Appellant's first and third issues.

Issues 2 and 4: Objections to Felicia Manning

In his second and fourth issues, Appellant contends that the expert testimony from a sexual assault nurse examiner (SANE), Felicia Manning, should have been excluded on grounds of relevance and because it provided no useful guidance to the jury.[3] We again apply the abuse of discretion standard. *See Martinez*, 327 S.W.3d at 736.

---

[3] Appellant has not challenged Manning's qualifications.

3

Manning did not perform an examination of T.V.J. and she was not familiar with the facts of this case. The State presented her as an expert witness on female anatomy and penetration. She testified that, as to female anatomy, penetration was anything that passed the outer lips of the female sexual organ, that something could penetrate the female sexual organ without penetrating the vagina, and that the female sexual organ could be penetrated even when the victim is clothed.

Penetration was a disputed fact and T.V.J.'s testimony on the issue was unclear. In response to the prosecutor's question, "How did his fingers go inside your vagina?" T.V.J. answered, "He just kind of repeated with this in-out motion on my body." T.V.J. then made a hand gesture to demonstrate. The trial court could have reasonably determined that Manning's testimony could assist the jury in addressing the issue of whether Appellant caused the penetration of T.V.J.'s sexual organ, as alleged in the indictment. We find no error and overrule Appellant's second and fourth issues.[4]

Issue 5: Cumulative Error

In his fifth issue, Appellant seeks reversal on the basis of cumulative error, contending that the previous alleged errors "combined to create a trial that was fundamentally unfair . . . ." The doctrine of cumulative error provides that the cumulative effect of multiple errors can, in the aggregate, constitute reversible error, even though no single instance of error would. *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (en banc). The mere existence of multiple errors, however, does not warrant

---

[4] Even if Manning's testimony was erroneously admitted, we would not find that the error resulted in harm warranting reversal, because the jury acquitted Appellant on the penetration offense. *See* TEX. R. APP. P. 44.2(b); *Tienda v. State*, 479 S.W.3d 863, 881 (Tex. App.—Eastland 2015, no pet.) (error in admitting evidence harmless where it related only to charge for which defendant acquitted).

4

reversal unless they operated in concert to undermine the fundamental fairness of the proceedings. *Estrada v. State*, 313 S.W.3d 274, 311 (Tex. Crim. App. 2010); *Rodriguez v. State*, 553 S.W.3d 733, 752 (Tex. App.—Amarillo 2018, no pet.).

The Texas Court of Criminal Appeals has stated that it has "never found that 'non-errors in their cumulative effect cause error.'" *Gamboa v. State*, 296 S.W.3d 574, 585 (Tex. Crim. App. 2009) (quoting *Chamberlain*, 998 S.W.2d at 238). Because we have found no error in the admission of Jennings's or Manning's testimony, there is no possibility that those alleged errors contributed to cumulative error. *Id.*; *Rodriguez*, 553 S.W.3d at 752. We overrule Appellant's fifth issue.

Issues 6 and 7: Texas Code of Criminal Procedure art. 38.37

In issue six, Appellant claims that article 38.37, section 2(b), of the Texas Code of Criminal Procedure is unconstitutional as applied to him because it violates principles of due process. In issue seven, he contends that the statute is unconstitutional as applied to him because it violates principles of equal protection. We analyze these claims together.

In an as-applied constitutional challenge, the claimant "concedes the general constitutionality of the statute, but asserts that the statute is unconstitutional as applied to his particular facts and circumstances." *Estes v. State*, 546 S.W.3d 691, 698 (Tex. Crim. App. 2018). Because a statute may be valid as applied to one set of facts but invalid as applied to another, an appellant must show that in its operation, the challenged statute was unconstitutionally applied to him. *State ex. rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). We presume the statute is valid and that the legislature

5

did not act unreasonably or arbitrarily in enacting it. *Faust v. State*, 491 S.W.3d 733, 743–44 (Tex. Crim. App. 2015).

Under article 38.37, evidence of extraneous offenses against other children is admissible even if such evidence would be inadmissible otherwise under Texas Rule of Evidence 404 or 405. TEX. CODE CRIM. PROC. ANN. art. 38.37, §2(b). The admission of evidence under article 38.37 is, however, "limited by Rule 403's balancing test, which permits admission of evidence as long as its probative value is not substantially outweighed by its potential for unfair prejudice." *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex. App.—Texarkana 2015, pet. ref'd).

The record reflects that the trial court followed the requirements of article 38.37 with respect to determining the admissibility of the extraneous-offense evidence from witnesses A.S., A.E., and A.H. The trial court conducted a hearing outside the jury's presence, heard testimony from A.S., A.E., and A.H. regarding improper sexual conduct by Appellant, and determined that the evidence would be sufficient for a factfinder to find that the extraneous offenses were committed beyond a reasonable doubt. Appellant claims that the statute is unconstitutional as applied to him in this proceeding because the constitutional safeguards provided by Rule 403 "should have led to inadmissibility . . . ." However, he provides no explanation as to how the operation of article 38.37 deprived him of either equal protection or due process under the law. On this record, we cannot conclude that article 38.37, section 2(b), is unconstitutional as applied to Appellant. *See Estes*, 546 S.W.3d at 698; *Faust*, 491 S.W.3d at 743–44. We overrule Appellant's sixth and seventh issues.

6

Issues 8–10: Evidence of Extraneous Offenses

Appellant's issues eight, nine, and ten challenge the admissibility of extraneous offense evidence from A.S., A.E., and A.H., respectively. As before, we apply the abuse of discretion standard when reviewing a trial court's admission of evidence.

Appellant argues that the evidence from the article 38.37 hearings was inadequate to support a finding that Appellant committed the separate offenses beyond a reasonable doubt and, consequently, the evidence should not have been admitted. Without providing citations to the record for support, Appellant asserts that all three witnesses "were either successfully impeached, lacked . . . corroborations, [and] their accounts were unmoored as to place and time or differed so substantially from the underlying charged offense as to undermine credibility." Appellant concludes, "In short, the trial court did not sufficiently exercise its discretion as gatekeeper."

When making the article 38.37 threshold determination of admissibility, the trial court must determine whether, if the jury were to believe the witness's testimony, that testimony would be sufficient to prove the commission of the extraneous offense beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a(1). An alleged victim's testimony, standing alone, can be sufficient to prove an offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978); *see also Mejia v. State*, No. 14-19-00432-CR, 2021 Tex. App. LEXIS 6563, at *26 (Tex. App.—Houston [14th Dist.] Aug. 10, 2021, no pet.) (mem. op., not designated for publication) ("Thus, where in the prosecution of indecency with a child by contact, the uncorroborated testimony of a child victim would be legally sufficient to support a conviction, the same uncorroborated testimony would be adequate to support a finding

7

by the jury that the defendant committed the separate offense beyond a reasonable doubt under article 38.37[,] § 2-a.").

In an article 38.37 hearing, the trial court is the factfinder and thus assesses the credibility of witnesses and the weight to be given to their testimony. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Crim. App. 1979); *Thompson v. State*, No. 07-20-00101-CR, 2022 Tex. App. LEXIS 1849, at *20 (Tex. App.—Amarillo Mar. 21, 2022, no pet.) (mem. op., not designated for publication). As factfinder, the trial court resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences therefrom. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We presume that the trial court found A.S., A.E., and A.H. to be credible and gave weight to their testimony. *See Anderson v. State*, 416 S.W.3d 884, 888 (Tex. Crim. App. 2013); *Deggs v. State*, 646 S.W.3d 916, 924 (Tex. App.—Waco 2022, pet. ref'd). Accordingly, we conclude the trial court did not abuse its discretion in finding that their testimony would be adequate to support a finding by the jury that Appellant committed the extraneous offenses against them beyond a reasonable doubt under article 38.37. We overrule Appellant's eighth, ninth, and tenth issues.

Issues 11–13: Rule 403 Objections

In his eleventh, twelfth, and thirteenth issues, Appellant contends that the trial court erroneously admitted extraneous offense evidence regarding A.S., A.E., and A.H., respectively, in violation of Rule 403 of the Texas Rules of Evidence. Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by a danger of any of the five distinct grounds listed in the Rule, including "unfair

8

prejudice." TEX. R. EVID. 403. In response to these issues, the State asserts that Appellant failed to properly preserve them in the trial court.

In his Statement of Facts, Appellant asserts that he objected that the evidence from the three witnesses violated Rule 403.[5] However, the fourteen-page section of the record referred to includes no reference to Rule 403. Appellant's objection was, "Please note our objection under both 38.37 and under 404 as to the prejudicial effect that this would have in this case." This objection is not sufficient to preserve error under Rule 403 because it fails to identify any of the five distinct grounds for excluding evidence under Rule 403, in addition to failing to identify the rule itself.[6] *See Checo v. State*, 402 S.W.3d 440, 451 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (general "403" objection not sufficient to preserve error); *Ballard v. State*, No. 07-16-00333-CR, 2017 Tex. App. LEXIS 11719, at *13 (Tex. App.—Amarillo Dec. 15, 2017, pet. ref'd) (mem. op., not designated for publication) (objection to "prejudicial effect" not sufficient to preserve error). Therefore, we overrule Appellant's three issues regarding Rule 403.

Issues 14 and 15: Victim's Prior Allegations

In issue 14, Appellant claims that the trial court violated his right to present a complete defense and to effective representation of counsel by denying him access to requested discovery related to T.V.J.'s earlier allegations of sexual assault. In issue 15,

---

[5] Appellant's brief contains no citations to the record in the argument section. *See* TEX. R. APP. P. 38.1(i) (requiring brief to include "appropriate citations to authorities and to the record" in argument section).

[6] Moreover, Appellant made this objection after the trial court ruled on the admissibility of testimony from A.S. Appellant has not directed us to any 403 objection to the testimony of A.E. or A.H.

he argues that these same rights were violated by the trial court's prohibition on any questions pertaining to the subject matter of an earlier assault.

To preserve a complaint for appellate review, a defendant must lodge a timely and specific request, objection, or motion with the trial court and obtain an adverse ruling. TEX. R. APP. P. 33.1(a)(1)(A). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012). The constitutional right to present a complete defense is subject to forfeiture by not bringing to the trial court's attention the denial of that right. *See Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009).

Appellant did not articulate to the trial court that his constitutional right to present a complete defense supported the admission of the complained-of excluded evidence. Accordingly, he did not preserve these complaints for our review. *See Cerda v. State*, No. 03-12-00582-CR, 2014 Tex. App. LEXIS 9344, at *17–18 (Tex. App.—Austin Aug. 22, 2014, no pet. h.) (mem. op., not designated for publication). We overrule Appellant's fourteenth and fifteenth issues.

Issue 16: Cumulative Error

In his final issue, Appellant concludes that his conviction and sentence are reversible under the doctrine of cumulative error. Before conducting a harm analysis on an appellant's claim of cumulative error, we must find that multiple errors have occurred. *See Chamberlain*, 998 S.W.2d at 238 (explaining that unless multiple errors were committed, there can be no cumulative error effect). Because we have not found multiple

10

errors by the trial court, it follows that there can be no cumulative error.  *Id.*  Consequently, we overrule Appellant's final issue.

## CONCLUSION

Having overruled each of Appellant's sixteen issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.